In the Matter of the Probate of the Will of WILLIAM BUD-
LONG, deceased.

A surrogate has no authority to make an *ex parte* order, decreeing an allow-
ance payable out of the estate to a special guardian of an infant unsuc-
cessfully contesting the probate of a will; notice to the other parties
interested in the estate is requisite.

Costs may be allowed to a special guardian in such a case, but limited by,
and only as specified in the Code of Civil Procedure (§§ 2558–2561).

*It seems* that the compensation of the special guardian should come either
from the infant or his estate, and that if any part of such estate was be-
fore the surrogate or under his control he might have ordered the com-
pensation to be paid out of it.

(Argued October 6, 1885; decided October 13, 1885.)

APPEAL from order of the General Term of the Supreme
Court, in the fifth judicial department, made July 8, 1884,
which reversed an order of the surrogate of Monroe county,
granting an allowance for compensation, fees and disburse-
ments to a special guardian. (Reported below, 33 Hun, 235.)

The material facts are stated in the opinion.

*E. A. Nash* for appellant. The court below erred in decid-
ing that allowances to special guardians in Surrogate's Court
are costs, the amount and allowance of which are fixed by the
Code, and to be entered in the decree. (Code, §§ 2, 17, 2530,
2566; Redf. Surr. Pr. [2d ed.] 769, note; *McCue* v. *O'Hara*, 5
Redf. Surr. Rep. 336; *Foster* v. *Kane*, 1 Demarest, 67; *Schell*
v. *Hewitt*, id. 249, 251–2; 2 Bliss' Code, notes to § 2559.)
Allowances to special guardians are made by the court, and
always made *ex parte* and by an order. (Rule 50.)

*J. A. Stull* for respondent. An allowance to the special
guardian, if made at all, should have been made by the decree

itself, and form a part thereof. (Code of Civ. Pro., §§ 2558, 2559.) This being purely a question of allowance of costs, is controlled by the provisions of the Code of Civil Procedure on the subject, notwithstanding the proceedings to probate the will were before the Code took effect. (*Matter of Sexton*, 1 Demarest, 3; *Forster* v. *Kane*, id. 67.) The right to costs does not accrue till the termination of the action or proceeding to which they relate. (*Smith* v. *Castlers*, 5 Wend. 81; *Supervisors* v. *Briggs*, 3 Denio, 173; *Moore* v. *Westervelt*, 14 How. Pr. 279; *Hunt* v. *Middlebrook*, id. 300; *Rich* v. *Huson*, 1 Duer, 617.) This rule applies to proceedings in Surrogate's Courts. (*Matter of Mace*, 4 Redf. 325; *Matter of Sexton*, 1 Demarest, 3; *Forster* v. *Kane*, id. 67.) Before the Revised Statutes, a surrogate had no authority to award any costs or allowances whatever. (*Walton* v. *Howard*, 1 Demarest, 105; *Noyes* v. *Aid Soc.*, 70 N. Y. 483.) Before the Code of Civil Procedure all the authority that existed for such allowances was by two statutes. (2 R. S. 223, § 10, pt. 3, chap. 2, tit. 1; Laws of 1870, chap. 359, p. 828.) Both these statutes were repealed by the General Repealing Act, which took effect simultaneously with part 2 of the Code of Civil Procedure. (Laws of 1880, chap. 245; *Matter of Sexton*, 1 Demarest, 4.) An allowance to a special guardian of an unsuccessful defendant is treated as "costs." (Code, §§ 2558, subd. 3, 2561; *Dubois* v. *Brown*, 1 Demarest, 317; *Walton* v. *Howard*, id. 103; *Forster* v. *Kane*, id. 67; *Estate of Withers*, 2 Civ. Pro. Rep. 169.) The general rules of practice cannot be made to abrogate the Code or statutes. (*Gomry* v. *McGlynn*, 84 N. Y. 284; *People* v. *Bruff*, 9 Abb. N. C. 153; *Rice* v. *Ehle*, 55 N. Y. 518.)

*Per Curiam.* The will of Milton Budlong, deceased, was presented to the Surrogate's Court of Monroe county for probate, and a special guardian was appointed for two infants who were the sole contestants. The contestants were unsuccessful and a decree was entered admitting the will to probate. A few days thereafter, on the *ex parte* application of the

special guardian, without any notice to, or hearing by the other parties interested in the estate, an order was made by the surrogate allowing the special guardian $1,000 for his compensation, fees and disbursements as such special guardian, and ordered that sum to be paid by the special administrator out of the assets of the estate of the testator. From that order the special administrator and executors named in the will appealed to the General Term where the order of the surrogate was reversed, and then the special guardian appealed to this court.

The order of the surrogate was erroneous and should have been reversed for two reasons. First, it could not legally be made without notice to the other parties interested in the estate. It is a fundamental rule of law that the property of one cannot be taken and given to another without some notice and hearing, or opportunity to be heard ; and this $1,000 could not be taken from those who were entitled to the estate, and transferred to the pockets of the special guardian without some notice and opportunity to be heard. Second, the special guardian was appointed to look after and protect the interests of the infants. He had no duty whatever to discharge in reference to the estate of the testator, and there was no authority whatever to order the compensation of the special guardian to be paid out of the estate. His compensation should either come from the infants or their estate, and if any part of the estate of the infants was before the surrogate or under his control, he could have ordered the compensation to be paid out of that, but not out of the estate generally. ( *Union Ins. Co.* v. *Van Rensselaer*, 4 Paige, 85 ; *Gott* v. *Cook*, 7 id. 521, 544.) The Code of Civil Procedure now regulates costs in Surrogates' Courts to be paid out of the estate ; and an unsuccessful contestant of the probate of a will can generally have no costs payable out of the estate. But if he be a special guardian for an infant appointed by the surrogate, or is named as an executor in a paper propounded by him in good faith as a last will and testament, then although an unsuccessful contestant he may have costs out of the estate as specified in the Code. (§§ 2558, 2559 2560, 2561.)

We are, therefore, of opinion that the order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.