Jacob Stern, Surr.
The decree admitting the will of Francis W. Tracy to probate reserved the question of fixing and taxing the costs and disbursements of the special guardian, and the parties are now before me for that purpose. The probate having been contested in good faith by the guardian, he is entitled to costs, payable out of the estate.
The court appointed Mr. Humphrey special guardian, and after his appointment he consulted with the infant, her mother and her grandmother, and by their approval retained Mr. John E. Parsons as counsel. Afterwards Clinton B. Gibbs, Charles Bobinson Smith and Dr. F. S. Crego and others were retained and employed to assist the special guardian in his duties.
The Code of Civil Procedure, section 2558, subdivision 3, provides that “ when the decree is made upon a contested application for probate, or revocation of a probate of a will, costs, payable out of the estate or otherwise, shall not be awarded to an unsuccessful contestant of the will, unless he is a special guardian for an infant, appointed by the surrogate, or is named as an executor in a paper propounded by him in good faith as the last will of the decedent; but the surrogate may order a copy of the stenographer’s minutes to be furnished to the contestant’s counsel, and charge the expense thereof to the estate, if he shall be satisfied that the contest is made in good faith.”
Section 2561 provides that the surrogate “ may in his discretion fix such a sum to be allowed as costs, in addition to the *244 disbursements, as he deems reasonable, not exceeding, where there has not been a contest, twenty-five dollars; or where there has been a contest, seventy dollars; and, in addition thereto, where a trial or hearing upon the merits before the surrogate necessarily occupies more than two days, ten dollars for each additional day.”
Under these sections, the special guardian should be allowed the sum of seventy dollars, there having been a contest, and ten dollars a day for each day exceeding two days occupied in the trial.
Section 2559 provides that the costs, -when awarded, shall “include all disbursements of the party to whom they are awarded, which might be taxed in the Supreme Court.”
Section 3256 provides the disbursements to be included in a bill of costs: “ The legal fees of witnesses, and of referees and other officers; the reasonable compensation of commissioners taking depositions; the legal fees for publication, where publication is directed pursuant to law; the legal fees paid for a certified co]:>y of a deposition, or other paper, recorded or filed in any public office, necessarily used or obtained for use on the trial; the reasonable expenses of printing the papers for a healing, when required by a rule of the court; prospective charges for the expenses of entering and docketing the judgment; and the sheriff’s fees for receiving and returning one execution thereon, including the search for property; and such other reasonable and necessary expenses as are taxable, according to the course and practice of the court, or by express provision of law.”
Under these sections, the special guardian can only tax the amount paid for serving subpoenas on the witnesses, and the fees paid to witnesses, and a reasonable charge for printing the brief of the special guardian’s counsel.
This will include fees paid to Dr. Walter E. Gillette, and nineteen other witnesses from Hew York, at $40, $800; the witness fees paid to Michael Flynn and twelve other witnesses from Buffalo, $13 ; printing brief, $113.30.
The special guardian cannot tax the items of $216, railroad *245 fare of Charles E. Smith, sixteen single journeys between New York and Buffalo; the item of $130, hotel bill, etc., of said Smith, forty-five days; the item of $250, Clinton B. Gibbs, for disbursements, and for work done on the case; the item of $250, paid to D. B. Ogden for attendance in Buffalo, on the return day of citation, and for business connected therewith ; the item of $500 paid to Dr. F. S. Crego; the item of $96.25, dictation of brief; nor the item of $2,500, compensation of Charles Eobinson Smith. These items of disbursement are disallowed, upon the ground that they are not taxable disbursements in this proceeding, payable out of the estate.
The item of $500, advanced to F. T. Haggerty, stenographer, on account of his bill for copy of minutes, is disallowed, for the reason that the proponents furnished the contestants with a copy of the stenographer’s minutes. This copy is additional, and therefore is not a taxable disbursement, payable out of the estate of the deceased.
The sum awarded as costs in this proceeding is not the compensation the special guardian, and the gentlemen who were associated with him in this trial, are entitled to, for the time they have devoted, and the talent they have brought to bear, in defence of the infant client they represented, but is only the amount that can be allowed and charged upon the estate of the deceased.
Upon the probate of the will of William Budlong, deceased, tried before the surrogate of Monroe county, contested by a special guardian appointed by him, and where the special guardian was unsuccessful, the court allowed $1,000 for his compensation, fees, and disbursements. This was done without notice to any of the parties who were interested in the proceedings for the probate of the will. Upon appeal to the Court of Appeals (Matter of Budlong, 100 N. Y., 203), the order of the court was reversed, for two reasons: First, that it could not legally be made without notice to the other parties' interested in the estate. It is a fundamental rule of law that the property of one cannot be taken and given’ to another without some notice and hearing, or opportunity to be heard; and this *246 one thousand dollars could not be taken from those who were entitled to the estate, and transferred to the pockets of the special guardian, without some notice and opportunity to be heard. Second, the special guardian was appointed to look after and protect the interests of the infants; he had no duty whatever to discharge in reference to the estate of the testator, and there was no authority whatever to order the compensation of the special guardian to be paid out of the estate. His com- ? pensation should either come from the infants or their estate, and if any part of the estate of the infants was before the surrogate, or under his control, he could have ordered-the compensation to be paid out of that, but not out of the estate generally. 1
In view of this ruling of the Court of Appeals, the special guardian may, desire to present a claim for compensation and disbursements against the infant, payable out of her share of the estate, and if such be the case, an opportunity should be given him. I therefore reserve this question.
Costs may be taxed in accordance with this memoranda.