DIRCK DODE, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY and THE NEW YORK ELEVATED RAILROAD COMPANY, Appellants.

*Elevated railroads — fee damages — extra allowance — referee's certificate that the case was difficult and extraordinary — resettlement of an order.*

When, in an action brought by an abutting owner to recover damages occasioned by the construction and operation of an elevated railroad in a street, the injury to the plaintiff's easements, termed "fee damages," is assessed at a certain sum, such sum represents the value of the subject-matter involved, and may constitute the basis for an extra allowance under section 3253 of the Code of Civil Procedure.

It is the better practice for the court not to grant an additional allowance in an action tried by a referee, on the ground that the case was "difficult and extra-

ordinary," without a certificate of the referee to that effect; but the absence of such a certificate is not jurisdictional and does not deprive the court of the power to consider a motion for an extra allowance and determine for itself whether the case falls within the language of the Code.

The defendant, in an action tried before a referee, moved to have an order which had been granted giving the plaintiff an extra allowance resettled by inserting therein the fact that it was agreed upon the argument of the motion for the extra allowance that the referee had refused a certificate that the case was difficult and extraordinary on the application of the plaintiff, and that his report was read on the motion.

This motion for a resettlement of the order was refused.

*Held,* that such refusal was proper;

That the report of the referee being a part of the record on appeal, it must be presumed that it was used upon the motion; and that had the parties desired to make the fact that a certificate of the referee had been applied for and refused a part of the record, they should have either filed a stipulation or else the party desiring to have it appear should have presented an affidavit on the hearing of the motion stating the fact.

APPEAL by the defendants, the Manhattan Railway Company and the New York Elevated Railroad Company from an order of the Supreme Court made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 18th day of May, 1893, granting an extra allowance to the plaintiff, and from an order entered on the 27th day of May, 1893, denying the defendants' motion to resettle the first order.

*Herbert Barry,* for the appellants.

*Henry A. Forster,* for the respondent.

PER CURIAM:

This action was brought to recover the damages sustained by an abutting owner occasioned by the construction and operation of the defendants' railroad in one of the streets of this city. It was tried before a referee, who found that the damages sustained by the plaintiff by the operation of the road from the time it was built to the date of the trial of the action were $338.76, and that the injury sustained by the plaintiff by the taking of the easements, usually termed fee damages, amounted to $800. The plaintiff moved for an additional allowance, and five per cent was granted. The defendants insist that the court erred in granting an additional allowance upon the amount of the so-called fee damages.

The Code provides. (§ 3253) that an allowance may be made "upon the sum recovered, or claimed, or the value of the subject-matter involved." The $800 does not represent a sum absolutely recovered by the plaintiff. It was payable at the election of the defendants. But the injury to the plaintiff's easements was a part of the subject-matter involved in the action, and the damages occasioned by the injury to those easements having been assessed at the sum of $800, we think that that amount represents the value of the subject-matter involved, and that the court might grant an additional allowance upon that sum. (*Lattimer* v. *Livermore*, 72 N. Y. 174; *Johnson* v. *Shelter Island Assn.*, 122 id. 330.)

Upon the motion made for an additional allowance the plaintiff failed to produce a certificate of the referee that the case was difficult and extraordinary. It is usual, and we regard it as the better practice, not to grant an additional allowance without a certificate of the referee who tried the cause, but the absence of it is not jurisdictional and does not deprive the court of the power to consider the motion and determine for itself whether the case falls within the language of the Code.

It is not recited in the order granting the additional allowance that the referee's report was read upon the motion, and the defendants insist that it was orally agreed on the hearing that the plaintiff had applied for a certificate from the referee, which had been refused. The defendants moved for a resettlement of the order by having inserted therein the fact that it was agreed upon the argument that the referee had refused a certificate on the application of the plaintiff, and that his report was read on the motion, which was refused.

The report of the referee is a part of the record presented upon this appeal, and it must be presumed that it was used upon the motion, and so both parties get the same benefit from it as though it had been recited in the order that it was so used. The court had the right to determine for itself whether or not it was agreed upon the hearing of the motion that a certificate of the referee had been applied for and refused. It may be that the attention of the court was not called to the statement. Had the parties desired to make this fact a part of the record, either they should have filed a stipulation or else the party desiring to have it appear should have presented an affidavit, on the hearing of the motion stating the fact.

We think no error was committed in refusing to resettle the order, and under the view we have taken of the case, a resettlement of it would not have affected the rights of the defendants.

The orders should be affirmed, with ten dollars costs and printing disbursements.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Orders affirmed, with ten dollars costs and printing disbursements.