Per Curiam.
This is the usual action in equity by owners of property abutting on defendants’ road to enjoin the defendant corporations from the further operation of their road, and incidentally to recover past damages. The property in question is on the southeast corner of Third avenue and Hinty-Hinth street, and extends- *387 100 feet and 11 inches along the avenue. The lots are eighty-five feet in depth, and are improved by four four story, brown stone front, double apartment houses, with stores on the first floor. In addition to the ordinary structure for the running of trains, the defendants maintain in front of plaintiffs’ property a passenger station, with its large train platform and usual structures, coaling chutes, and coaling bridges. The defendants have also constructed a board platform which connects the railroad with property on the west side of the avenue (owned by said defendant corporations, and used by them as a yard for their cars), in such a manner as to completely roof in at this point seventy feet of the westerly side of the avenue. The testimony seems to warrant the claim of the plaintiffs that the appellants’ structure in front of the premises in question surpasses, in its obstructiveness and its injurious effects, that of any other section of the elevated railroads’ lines in the city. After a most careful examination and analysis of all the testimony, and after fully considering the able arguments of the learned counsel for the appellants, we reach the conclusion that there are no errors of principle in the decision, and the awards for rental and fee damage made by the court below are sustained by the evidence, and should not be disturbed.
We are called upon by the notice of appeal herein to review the order of the court below granting to the guardian ad litem an extra allowance of $250, and to certain adult defendants an extra allowance of $500. No appeal is taken from the allowance of $740 to the plaintiffs’ counsel. It is claimed by the defendant corporations that the learned trial court erred in awarding costs and additional allowances against the appellants and in favor of their codefendants. In disposing of this objection to the judgment, the first inquiry should be, were the codefendants in question proper parties to the action ? The title to the property in suit is vested in plaintiffs, as trustees of an express trust, for certain purposes, with power of sale. The codefendants to whom costs and allowances have been awarded are the persons now in being, having or deriving some interest in the property in suit, under the terms of the will and codicil creating the aforesaid trust. The adult defendants refused to unite with the plaintiffs in bringing the action, and for that reason were made parties defendant. While the action might have properly proceeded to a final adjudication without the participation of the codefendants in question, it is clear that they were beneficiaries under the trust, had an interest- in the property that was in litigation, and were proper parties to the action. When the defendant corporations subjected themselves to the operation of the equitable action that resulted in the judgment now under review, the contingency was imminent in respect of the situation of the codefendants, which subsequently developed, and which now confronts the said appellant corporation. Being proper parties, the awards to them must stand, unless in making them the court below violated that wise discretion which it was called upon to exercise.
It is provided by the statute (Code, section 3253) that the court, in its discretion, may award to any party a sum not exceeding five *388 pgr cent upon the sum recovered or claimed or the value of the subject-matter involved. In Dode v. Railway Co., 70 Hun, 374 ; 54 St. Rep. 286, (an action like the one at bar), the general term of the supreme court declared that the sum assessed as “fee damages” represents the value of the subject-matter involved, and may constitute a basis for an extra allowance under section 3253 of the Code of Civil Procedure. This rule the court of appeals has affirmed. Dode v. Man. R. Co., 140 N. Y. 637 ; 55 St. Rep. 931. It must therefore be held that the basis for an extra allowance herein was $28,960. Five per centum of this sum falls short of the allowance granted, — just $52. To that extent, "then, the learned trial judge exceeded the power conferred by section 3253 of the Code; and it was error, unless, as claimed by the guardian ad litem, the sum of $250, granted to him, is independent of section 3253, and forms no part of the statutory allowance. This contention meets with our approval. The action being an equitable one, we think the power is inherent in the court to grant an allowance to the guardian ad litem, irrespective of the extra allowance provided for by section 3253 of the Code, and that such power is not limited or qualified by the section in question. Weed v. Paine, 31 Hun, 10; Insurance Co. v. Van Rensselaer, 4 Paige, 85. It is not contended that the case was not a difficult and extraordinary one, and we are of opinion that the discretion of the c.ourt was properly exercised on the question of extra allowances, and that they furnish no reason either for a reversal or a modification of the judgment.
The judgment and orders appealed from should be affirmed, with costs to the plaintiff’s respondents, and with a separate bill of costs for the adult defendant’s respondents, and for the guardian ad litem.