in determining the meaning of the words "resident and inhabitant" in section 40 of the same act. It is to be presumed that all portions of an act are harmonious with each other, and they should be construed together, and not each by itself. Suth. St. Const. § 215. It therefore follows that "the continuous residence elsewhere for one year," in section 57, means such a residence and occupancy for one year as will gain a settlement under the provisions of section 40.

It therefore follows that the Eggleston Case must be affirmed, with costs, and the Swerin Case must be reversed, with costs.

Eggleston Case affirmed, with costs, and Swerin Case reversed, with costs.

(25 Misc. Rep. 369.)

In re HITCHLER'S WILL.

(Surrogate's Court, Erie County. November, 1898.)

COUNSEL FEES—CONTEST OF WILL.
   Counsel fees cannot be allowed, on the contest of a will, in excess of the statutory costs of $10 a day in addition to $70, which can be awarded the "parties" under Code Civ. Proc. §§ 2558, 2561.

In re will of Henry Hitchler, deceased. Application by counsel for the allowance of fees on the contest of the will. Denied.

James G. Smith (George Wadsworth, of counsel), for executors, and special guardian for infants.

Adelbert Moot, for contestants, and special guardian for Henry Endres.

Jacob Stern, for John Endres.

MARCUS, S. Application has been made, by the counsel for the proponents and the attorney for the contestants, for counsel fees over and above the statutory costs, upon the contest of this will. The moving parties believe themselves entitled to the sum of $3,000 as the reasonable worth of their services rendered in these proceedings. No objection to the amount has been made by any of the parties as against the other, the successful contestant rightly believing himself entitled to an equal amount as against the unsuccessful parties. I am quite willing to say that the amount asked for would be allowed if it were a matter within my discretion. My views, however, were intimated upon the motion, that the allowances asked for by counsel could not be granted. The surrogate has no power to award under any circumstances a larger compensation than $10 per day in addition to $70, such authority being derived from sections 2558 and 2561 of the Code of Civil Procedure. Costs are awarded to parties, not to counsel. The only disbursements which can be allowed are such as might be taxed in the supreme court. This is no longer an open question, since authorities are without end to sustain this position. Charges for services rendered by the attorney to an executor are against the executor individually, and there is no authority warranting a decree in favor of the attorney against the estate or the executor, as such. In a former case it was said: "To hold otherwise would give

that officer [the surrogate] the power to grant allowances without any limit, to the detriment and waste of estates, and in violation of the express terms of the statute." Seaman v. Whitehead, 78 N. Y. 309. In Re Budlong's Will, 100 N. Y. 205, 3 N. E. 334, it was held that the Code of Civil Procedure now regulates costs in surrogates' courts to be paid out of estates, and an unsuccessful contestant on the probate of a will can generally have no costs payable out of the estate. But if he is the special guardian for an infant appointed by the surrogate, or is named as executor in a paper propounded by him in good faith as the last will and testament, then, although an unsuccessful contestant, he may have costs out of an estate as specified in the Code, §§ 2558, 2561. The surrogate has only such limited power to award costs and counsel fees as is conferred by the statute. So much has been written on this subject giving expression of how willingly the court would in many cases grant these applications, of the meager and insufficient award in many instances to distinguish counsel for valuable services, owing to this statute, that it is idle to add my opinion on this subject; but "it is the maximum reward which the law has established, and that law, both in letter and in spirit, must be respected and obeyed." It is the duty, or at least the privilege, of the persons named as executors in a paper purporting to be the last will to propound the same for probate; yet I do not believe that the executors are bound to do so unless their expenses be secured by the persons interested in the will. It would seem to follow that in cases where executors incur expenses in an attempt to establish a will, at the request, or in the interest, of legatees and devisees, the parties are liable therefor, and not the estate. After representatives are duly appointed by the surrogate's court, counsel can safely be employed, but the payment for such services cannot, in the first instance, be ordered by direction of the surrogate. If the value of the services be (as they most always are) greater than the limit fixed by statute that can be awarded by the surrogate, the representatives of the estate can fix upon the amount which is reasonable, after an opportunity to examine the charge, and pay it upon their own responsibility, and credit themselves with such payments in their accounting. This will enable those in interest to interpose objections if the amount be unreasonable or exorbitant. The funds of this estate cannot be taken by my direction or consent as counsel fees, even upon an agreement between the parties, if that should be reached, since there are infants and incompetent persons interested in this estate, because of my lack of jurisdiction in the premises. A bill of costs, as provided by statute, may be presented by the parties for taxation, and thereafter entered in the decree. The sum which can be awarded as costs in this proceeding is not the compensation to which the counsel are entitled for the time they have devoted and the talent they have brought to bear in the interests which they represented, but it is the only amount that can be allowed and charged upon the estate of the deceased.

Applications for allowances of $3,000 denied to all parties. Applications denied.