Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

George H. Harris, for appellant.

Thomas D. Jones, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the referee.

_____

In re ROBINSON'S WILL (two cases).

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

EXECUTORS—ACCOUNTING—COMPENSATION TO GUARDIAN AD LITEM.

 In a proceeding for an accounting by the executors before a surrogate, compensation to a guardian ad litem out of the general fund, as distinguished from the estate of the infant, is limited to the taxable costs in the suit, irrespective of whether the infant has any interest in the property in court.

Appeal from surrogate's court, Kings county.

In the matter of the final judicial settlement of the accounts of Jeremiah P. Robinson and others as executors of, and trustees under, the will of Jeremiah P. Robinson, deceased, and under the will of Elizabeth Robinson, deceased. From parts of the decree of the surrogate, the guardian ad litem for certain infants appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

R. Burnham Moffat, special guardian, for appellants.

Frank D. Sturges, for respondents.

CULLEN, J. These are proceedings brought for an accounting by the executors of the wills of Mr. and Mrs. Robinson. The executors of both wills are the same, and so are the persons interested in the two estates, and the parties to the proceedings. On the conclusion of the proceedings, the appellant the guardian ad litem for the Leech infants applied to the surrogate for an allowance, by way of compensation, in addition to the taxable costs authorized by section 2561 of the Code of Civil Procedure. The applications were denied by the learned surrogate for want of power, and from so much of the decrees as denies the guardian's applications these appeals are taken.

The learned surrogate based his conclusion that there was no power in the court to grant additional compensation to the guardian, from the corpus of the estate, on the authority of In re Budlong, 100 N. Y. 203, 3 N. E. 334, and In re Ruppaner, 7 App. Div. 11, 39 N. Y. Supp. 763. The guardian ad litem, while admitting the force of these decisions, insists that they are applicable only to cases of contested probate, and that the surrogate has in other proceedings the power to allow to the guardian, out of the estate or fund in court, compensation for his services, not limited or restricted to taxable costs. For the purposes of his argument, the learned counsel has recited at much length the history of surrogates' courts in this state, and has elaborately discussed the inherent power of courts to appoint a guardian ad

litem in actions or proceedings before them, and provide for their com-
pensation. In this discussion, we feel it unnecessary to follow the
counsel at length; for, in our opinion, it is based on an erroneous view
of the power, or at least the right, of the court to award compensation
to guardians. As an infant must appear in and defend an action or
proceeding against him by a guardian, it is necessary that the guardian
should be paid for his services. Therefore, in actions in equity, even
where the infant has no valuable interest in the property which is the
subject of the litigation, the guardian is allowed his compensation out
of the fund or property in court. This is an expense that the plaintiff
or other parties in interest have to bear, the same as other expenses of
the litigation, on account of the misfortune that an infant has either
a real or apparent interest which it is necessary to cut off. But it is
the settled law in this state, supported by a number of authorities,
that where compensation is made to a guardian ad litem out of the
general fund, and not from the estate of the infant, the compensation
is limited to the taxed costs in the suit. Insurance Co. v. Van
Rensselaer, 4 Paige, 85; Gott v. Cook, 7 Paige, 521; Downing v.
Marshall, 37 N. Y. 380; In re Holden, 126 N. Y. 589, 27 N. E. 1063;
Doremus v. Crosby, 66 Hun, 125, 20 N. Y. Supp. 906. The guardian
seeks to distinguish this line of cases from the present one by the fact
that in the cases cited the infant had no interest in the property in
court, or that his interest was contingent only. If such were the case,
it would not affect the question before us. If, where an infant has
no substantial interest in the property, the compensation of the
guardian is limited to taxable costs, and beyond this extent cannot be
charged on the property of others, we cannot see why the fact that he
has some interest in the property can justify the court in compelling
others to contribute to his compensation. We regard, however, the
Holden Case, supra, as decisive of the question before us. That was
a special proceeding, by petition, brought by a trustee for leave to
resign his trust, and for a settlement of his accounts. It was there
held that the court could not award to a guardian ad litem, out of the
corpus of the estate, any allowance beyond costs,—not even the extra
allowance authorized in an action. The case was quite similar to
the one before us. The proceeding, in one of its branches, was the
same as the present one; that is, for an accounting. The guardian
ad litem argues that in the Holden Case the interest was contingent,
and not vested, and that the decision proceeded on this ground, while
he urges that in the present case the interests of the infants are vested.
The latter proposition is true, but only in a certain sense. The estate
of the appellants is technically a vested one, under the definition of
that term in the Revised Statutes, but it is subject to be devested by
their death before the decease of the life tenant. We have examined
the will in the Holden Case, and the interest of the infants in that
case seems to be substantially of the same character as that of the ap-
pellants. When Judge Ruger spoke of the interest being contingent,
it is apparent that he did not use that term in its technical sense, but
as asserting the fact that the ultimate enjoyment of the property by
the infants was contingent on their surviving the life tenant. We
think the Holden Case is authority for the general proposition that

no allowances can be made for counsel in a litigation beyond taxable costs (which would include any extra allowance authorized by sections 3252 and 3253 of the Code of Civil Procedure), except in the case of trustees who represent the fund, or of one who has recovered the fund for the benefit of himself and others.   The appellants do not come within the exceptions; and while we recognize the meritorious character of the services of the guardian, and the entire inadequacy of his compensation, we are of the opinion that the surrogate could make him no greater allowance, except out of the estate or interests of his wards, —an allowance which could not be paid until after the death of the life tenant, because until that time it is uncertain in whom the trust estate will ultimately vest.

The guardian ad litem has cited to us several cases from the surrogate's court in the city of New York, showing that compensation in excess of taxable costs has been awarded to guardians ad litem on accountings.   If the fund out of which these allowances were made was the property of the wards, then they may be justified.   If the award was out of the general estate, in which others were interested, then we think it was without authority of law, and opposed to the cases to which we have referred.   All that was decided in Weed v. Paine, 31 Hun, 10, is that extra allowances authorized by the Code were not limited to the sum of $2,000 in the aggregate, but that $2,000 might be awarded to the parties on each side.   We regard Roberts v. Railroad Co., 12 Misc. Rep. 345, 33 N. Y. Supp. 685, as inconsistent with the cases of In re Holden and Doremus v. Crosby.   It is therefore not to be followed.

The parts of decrees appealed from should be affirmed, but without costs.   All concur.