In the Matter of the Final Judicial Settlement of the Accounts of JEREMIAH P. ROBINSON et al., as Executors of and Trustees under the Will of JEREMIAH P. ROBINSON, Deceased, Respondents; R. BURNHAM MOFFAT, as Special Guardian of CHARLOTTE LEECH and ROBINSON LEECH, Appellant.

1. APPEAL — CERTIFIED QUESTIONS. The answer of the Court of Appeals to questions certified to it for decision must be limited to the questions which were before the courts below as raised by the facts disclosed, and cannot extend to abstract propositions or contingent questions.

2. SURROGATES — COMPENSATION OF SPECIAL GUARDIAN. A Surrogate's Court has no power to award a special guardian, even when appointed on its own motion to represent an infant party to an executor's accounting, any compensation for his services out of the general estate of the decedent in excess of the costs authorized by the Code of Civil Procedure.

*Matter of Robinson*, 40 App. Div. 30, affirmed.

(Argued October 2, 1899; decided October 24, 1899.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial depart-

ment, entered April 18, 1899, affirming so much of a decree of the Surrogate's Court of Kings county as denied an application by a special guardian for an award to him out of the estate of the decedent of compensation for his services in addition to statutory costs.

The nature of the proceeding, the facts, so far as material, and the questions certified for review are stated in the opinion.

*R. Burnham Moffat* for appellant. The power of the Surrogate's Court to appoint on its own motion a guardian *ad litem* for an infant interested in proceedings for the judicial settlement of an executor's account is an inherent power of such court, and exists independently of any statutory provision. (*Brick's Estate*, 15 Abb. Pr. 12; 3 Black. Comm. ch. 27; 2 Kent's Comm. 229; *Huckle* v. *Wye,* Carthew, 255; *Clark* v. *Gilmanter*, 12 N. H. 515; *Mockey* v. *Grey*, 2 Johns. 192; *Kellett* v. *Rathbun*, 4 Paige, 106; *Foster* v. *Wilber*, 1 Paige, 537; *Smith* v. *Lawrence*, 11 Paige, 208; Code Civ. Pro. § 2530; *Matter of Tilden*, 6 Civ. Pro. Rep. 19; *Pew* v. *Hastings*, 1 Barb. Ch. 452; *Heermans* v. *Hill*, 2 Hun, 409.) The power to appoint a guardian *ad litem* implies the power to compensate him for services rendered. (Code Civ. Pro. § 2566; *Forster* v. *Kane*, 1 Dem. 67; *Matter of Trust*, N. Y. L. J., Jan. 26, 1892; *Matter of Wadsworth*, 6 N. Y. Supp. 932; *Matter of Marshall*, 19 N. Y. S. R. 156.) The inherent power of the surrogate to appoint and to compensate has not been affected by any statutory enactment. (Code Civ. Pro. §§ 2557, 2561, 3347; *Downing* v. *Marshall*, 37 N. Y. 380; 2 R. S. 63, § 39; 102, § 12; 223, § 10; L. 1867, ch. 782, § 8; *Sinclair* v. *Sinclair*, 13 M. & W. 646; *Morgan* v. *Thorne*, 7 M. & W. 400; *Bryant* v. *Livermore*, 20 Minn. 342; *McDonald* v. *McDonald*, 24 Ind. 69; *Bank of U. S.* v. *Ritchie*, 8 Pet. 129; *Anon.*, 2 Hill, 417; *Forster* v. *Kane*, 1 Dem. 67.) The right of a special guardian to compensation for services rendered on proceedings had in a Surrogate's Court for the judicial settlement of an executor's accounts is reserved by rule 50 of the General Rules of Practice. (Code

Civ. Pro. § 17.) The compensation due a special guardian for services rendered on an executor's accounting is properly payable from the general fund before the court. (*Weed* v. *Paine*, 31 Hun, 10; *Roberts* v. *N. Y. E. R. R. Co.*, 12 Misc. Rep. 345; 155 N. Y. 31; *Osborne* v. *McAlpine*, 4 Redf. 5; *Matter of Marshall*, 19 N. Y. S. R. 156; *Matter of Wadsworth*, 6 N. Y. Supp. 932; *McCue* v. *O'Hara*, 5 Redf. 336; Code Civ. Pro. § 2566; *Schell* v. *Hewitt*, 1 Dem. 249; Redf. Law & Pr. [5th ed.] 94; *Doremus* v. *Crosby*, 66 Hun, 128; *U. Ins. Co.* v. *Van Rensselaer*, 4 Paige, 87; *Gott* v. *Cook*, 7 Paige, 543; *Downing* v. *Marshall*, 37 N. Y. 395; *Matter of Holden*, 126 N. Y. 596; *Matter of Budlong*, 100 N. Y. 205; *Matter of Ruppaner*, 7 App. Div. 12; *Matter of Ludlow*, N. Y. L. J., July 27, 1899.)

*Frank D. Sturges* for respondents. The surrogate had no power to award to the special guardian, from the general estate, compensation in addition to the costs and allowances provided by statute. (*Matter of Randall*, 152 N. Y. 508; *Matter of Underhill*, 117 N. Y. 471; *Riggs* v. *Cragg*, 89 N. Y. 479; *Matter of Bolton*, N. Y. L. J., May 11, 1899; Code Civ. Pro. §§ 2530, 2559–2563; *Matter of Simpson*, 26 Hun, 459; *Matter of Holden*, 126 N. Y. 589; *Roberts* v. *N. Y. E. R. R. Co.*, 12. Misc. Rep. 345; 155 N. Y. 31; *Matter of Budlong*, 100 N. Y. 203; *Matter of Ruppaner*, 7 App. Div. 11.)

VANN, J. In a proceeding instituted in Surrogate's Court for an accounting by executors and trustees, the surrogate upon his own motion appointed the appellant special guardian of two infants, each under the age of fourteen, who had vested interests in a part of the estate, although the ultimate enjoyment thereof by them was contingent upon their surviving the life tenant. The estate was large and the entire burden of the accounting was cast upon the special guardian, who devoted many days to the litigation and rendered services of much value not only to the infants but to the general estate.

Upon the settlement of the decree the appellant applied to the surrogate " for the award to him out of the estate of the above-named decedent of a compensation for his services in addition to and apart from the costs authorized by section 2561 of the Code of Civil Procedure," but the application was denied " on the ground that the surrogate is without power to award such compensation out of the estate generally." An appeal, taken by the special guardian from that portion of the decree affecting his personal interests, resulted in an affirmance by the Appellate Division, which, however, allowed an appeal to this court and certified the following questions for review :

" (1) Does the Surrogate's Court possess power to award to a special guardian appointed on its own motion in proceedings for the judicial settlement of an executor's accounts any compensation for his services in addition to and apart from the statutory costs allowed by sections 2557–2561 of the Code of Civil Procedure ?

" (2) If the Surrogate's Court has such power, then can it direct that any compensation which it may so award be paid out of the general estate of the decedent, where the infants represented by such guardian have a vested interest therein, subject, however, to be divested by death prior to decease of life tenant ? "

As the only question before the surrogate, and the only one decided either by him or by the Appellate Division, was whether compensation, aside from taxable costs, could be made to the appellant out of the estate of the decedent, under the rule governing the certification of questions to this court for decision we must limit our answer to the questions as raised by the facts disclosed by the record, which exclude any inquiry as to the power to allow compensation out of the estate of the infants. (*Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449; *Baxter* v. *McDonnell*, 154 N. Y. 432–436.)

No part of the infants' estate was before the surrogate, and there was neither property nor money absolutely belonging to them out of which he could direct payment to be made. They had no present right to any portion of the estate of the dece-

dent. They might never have any such right, and if it should finally come to them it might be only after the lapse of many years. No application was made by the special guardian for compensation out of the infants' estate, and no question relating to that subject was presented to the courts below. The learned Appellate Division, therefore, had no power to certify, and we have no power to decide, any questions except such as relate to the authority of the surrogate to allow compensation out of the estate of the decedent, and hence we are compelled to construe the first question sent to us to have that meaning, notwithstanding the general terms used.

We have reached the conclusion that a Surrogate's Court has no power to award a special guardian, even when appointed on its own motion to represent an infant party to an executor's accounting, any compensation for his services out of the general estate of the decedent in excess of the costs authorized by the Code of Civil Procedure. (Code Civ. Pro. §§ 2557–2561; *Matter of Budlong*, 100 N. Y. 203–205; *Matter of Holden*, 126 N. Y. 589.) The subject was so thoroughly considered by the court below that we regard further discussion as unnecessary, and we should have based our decision upon the opinion of the Appellate Division but for the necessity of so construing the first question certified as to exclude the abstract proposition relating to the power of the surrogate to compensate the special guardian out of the infants' own property.

The order should be affirmed, but, under the circumstances, without costs, and the first question, when limited as above indicated, answered in the negative. As the second question is contingent only, this conclusion makes it impossible to answer it.

All concur.

Order affirmed.