·or without consideration, and whether or not acted upon, did not operate to release Weiher from his liability for the deficiency. Weiher explains his laches by claiming that he did not know of the extension of the time of payment. He had, however, the same notice of that as plaintiff had of the assumption of the mortgage by Burgart, as both the assignment, containing the extension, and the deed, containing the assumption, were duly filed in the register's office. The agreement made by the mortgagee with the owner of the equity of redemption, who had purchased the premises subject to the mortgage, that the payment of the mortgage debt might be delayed until March 12, 1899, apparently left the owner at liberty to pay off the mortgage at once, if he wished to do so, and was therefore without consideration, and not enforceable. See Moser v. Walker, 23 App. Div. 91, 48 N. Y. Supp. 341. This agreement for the extension of the time of payment, being without consideration, was not binding upon the mortgagee, and hence was ineffectual to discharge the obligor on the bond to which the mortgage was collateral. See Insurance Co. v. Stimpson, 28 App. Div. 544, 51 N. Y. Supp. 226. To have the effect of discharging the surety, an agreement for the extension of time of payment made by the creditor with the principal debtor without the consent of the surety must be upon a valid consideration, such as will preclude the creditor from enforcing the debt against the principal; and an agreement by a mortgagee to extend the time of payment of the bond and mortgage until a future day, without other consideration than the continuance of the original terms, including the tax, insurance, and interest clauses, is void for want of consideration. See Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685.

Motion denied, with $10 costs.

---

(49 App. Div. 1.)

### In re FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department.   March 13, 1900.)

EXECUTORS' ACCOUNTS—ALLOWANCE TO SPECIAL GUARDIAN—GENERAL FUND.
 A surrogate's decree ordering payment of an allowance to a special guardian appointed in the judicial settlement of executors' accounts out of the general fund was erroneous, in so far as it exceeded the taxable costs.

Appeal from surrogate's court.

Judicial accounting by the Farmers' Loan & Trust Company and Matilda E. Starbuck, as executors of William H. Starbuck, deceased. From an order allowing costs to the special guardian out of the general fund, Matilda E. Starbuck appeals. Allowance charged on the infant's estate.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William N. Dykman (Artemus H. Holmes, on the brief), for appellant.

Henry Smith, for respondent.

PER CURIAM.  In the opinion which was written upon the decision of this case, and in the decision which was made, the court adopted as the basis of liability of the estate of W. H. Starbuck to the claimant the statement in the handwriting of the deceased, under date of December 6, 1894, wherein such liability was stated as being the sum of $60,000.  The stipulation which was filed, however, did not admit such statement of liability as the correct sum, but stipulated to transfer the proceeds of the real estate held in the name of Matilda E. Starbuck in consideration of the allowance of her claim at the sum of $50,000 and interest from January 1, 1885.  Upon the application for settlement of this order, we have re-examined the whole case, and have reached the conclusion that the amount to be allowed the claimant should be based upon the account rendered by the deceased to Matilda E. Starbuck, as the same was made up by Sidney Starbuck, and delivered by the deceased to the claimant. This conclusion rests upon the fact that the several statements made by the deceased, which were found among his papers, do not in all respects agree, as to the amount of the proceeds of the bonds and interest.  A careful examination discloses that the statement as to the amount to which the claimant was entitled is not accurately given in any of the statements; neither does it purport to be accurate.  It must be regarded, however, as established that the account which was delivered to the claimant by the deceased was an accurate statement of his liability to her at that time, so far, at least, as liability for the bonds, together with interest thereon, is concerned.  Indeed, the account shows an additional liability in the claimant's favor of $13,000 and upwards, for which no claim has been made.  Upon the 1st day of January, 1885, therefore, we have an undisputed liability for $50,000, represented by the bonds.  There is no testimony in the case showing that any payment was made upon this liability after that time, while the testimony of the claimant is to the effect that nothing was ever paid thereon to her; and, if this be the fact, then she is properly entitled to receive that sum, together with interest on the same from that date, and this is in accordance with the stipulation filed in this court.  After much consideration, we have concluded that the mere disparity in statements, as between the last one and those which precede it, made by the testator, is not sufficient to overcome the account, and the testimony which has been given in support of it.  The order to be entered will therefore direct that the claimant be entitled to receive from the estate of the deceased, upon filing the stipulation heretofore mentioned, the sum of $50,000, together with interest thereon from the 1st day of January, 1885.

So far as the decree of the surrogate directs the payment to the special guardian out of the estate, beyond the taxable costs, it is erroneous.  The power of the surrogate in making allowance to the special guardian payable out of the general fund is limited to the taxable costs.  While having the power to make an allowance to the special guardian, it can only be charged upon the interest and estate of the wards which he represents.  In re Robinson, 40 App. Div. 30, 57 N. Y. Supp. 523, affirmed on appeal in 160 N. Y. 448, 55 N. E. 4. The allowance to the special guardian, which we affirm, must there-

fore be made a charge upon, and payable out of, the infant's estate. The decree will be prepared in accordance with this memorandum, and entered as the decision of this court. In re Beck's Will, 6 App. Div. 211, 39 N. Y. Supp. 810, affirmed on opinion below, in 154 N. Y. 750, 49 N. E. 1093.

HIRSCHBERG, J., takes no part.