(34 Misc. Rep. 99.)

### HAFNER et al. v. HAFNER et al.

(Supreme Court, Special Term, New York County. February, 1901.)

1. WILL CONTEST—EXTRA ALLOWANCE.

In an action to construe a will, extra allowance cannot be made to defendants, under Code Civ. Proc. §§ 3252, 3253, such an allowance not being provided for therein.

2. SAME—GUARDIAN AD LITEM—COMPENSATION.

Where, in an action to construe a will, the interest of infants in the principal was contingent, the compensation of the guardian ad litem will be based on the accrued income payable to them under the decree.

Action by Lawrence C. Hafner and others against Rosana C. Hafner and others to construe a will. Judgment entered as to costs.

Robert A. B. Dayton, for plaintiffs.

George Flint Warren, guardian ad litem, for infant defendant.

Tracy & Lane, for defendant Brandon, administrator, etc.

BISCHOFF, J. The case of Savage v. Sherman, 87 N. Y. 277, cited with approval in Re Holden, 126 N. Y. 589, 27 N. E. 1063, is authority for the proposition that parties defendant to an action for the construction of a will may not be awarded additional allowances. In the case cited the point was ruled without discussion of the reasons, but the soundness of the proposition, as applied to the present statute, is disclosed upon examination of the case of Downing v. Marshall, 37 N. Y. 380, which proceeded upon a construction of sections 308 and 309 of the Code of Procedure,—a construction directly applicable to the practically identical provisions of sections 3252 and 3253 of the Code of Civil Procedure upon this point. By section 3252 (as by section 308 of the earlier Code), percentages in addition to costs are awarded to the plaintiff in actions to construe wills, among other specified classes of cases. By section 3253 (as by section 309), a "further" allowance may "also" be awarded in difficult and extraordinary cases, and in certain of the actions referred to in the preceding section, omitting, however, actions for the construction of wills. The conclusion reached in Downing v. Marshall, that this class of actions was by implication excluded from the provisions of section 309, is effective, to an equal degree, in the construction of section 3253 of the present Code, for the respective statutes, so far, have no material difference in form, and cannot be distinguished in substance. Compensation for the services of counsel in this litigation cannot be awarded, therefore, except as within the inherent powers of the court, irrespective of the statute. The plaintiffs, who act in the capacity of trustees, may receive an allowance for this purpose (Wetmore v.

Parker, '52 N. Y. 466; Downing v. Marshall, supra), but no allowance from the fund in suit may be made to other parties (In re Robinson, 40 App. Div. 30, 33, 57 N. Y. Supp. 523). The guardian ad litem for the infant parties does not stand in the position of one who has "recovered" a fund for the general benefit, as is suggested. He has merely participated in litigation concerning the fixing of interests in a fund rightfully in the plaintiffs' hands, and with any "recovery" or protection of the fund itself he has had nothing to do. His right to compensation, in an amount beyond taxable costs, exists only so far as funds, to which the infants are at present entitled, may be the subject of the litigation (Doremus v. Doremus [Sup.] 20 N. Y. Supp. 906, and cases cited), and here the infants have but a contingent interest in the principal of the estate. I may award compensation payable out of the income which has been accumulated, and which, under the decree, is payable to the infants, but to no further extent (Doremus v. Doremus, supra); and, for the purpose of fixing the award, I desire proof of the amount thus payable, which amount should be recited in the proposed decree.

Ordered accordingly.