(60 Misc. Rep. 570.)

WALTER et al. v. WALTER et al.

(Supreme Court, Special Term, New York County.   October, 1908.)

1. Costs (§ 164*)—Action to Construe Will—Additional Allowance.
    Under Code Civ. Proc. § 3253, allowances to defendants in addition to costs cannot be made in an action for the construction of a will.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 622; Dec. Dig. § 164.*]

2. Wills (§ 707*) — Action to Construe Will — Special Allowance to Guardian.
    Where an infant has no interest in the fund from which compensation can be made, no allowance can be made to his special guardian, in an action to construe a will, for special services.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1684–1686; Dec. Dig. § 707.*]

Action by Moritz Walter and others against Herman N. Walter and others to construe a will.   Memorandum on settlement of form of decision and judgment.   Order as to allowances entered.

See 60 Misc. Rep. 383, 113 N. Y. Supp. 465.

Kurzman & Frankenheimer, for plaintiffs.
Rose & Putzel, for adult defendants.
Emil Goldmark, guardian ad litem.

BISCHOFF, J.   As I have had occasion to rule in Hafner v. Hafner, 34 Misc. Rep. 99, 69 N. Y. Supp. 460, allowances to defendants, in addition to costs, under section 3253 of the Code of Civil Procedure, cannot be made in an action for the construction of a will. This situation results from the framing of sections 3252 and 3253, which are similar to the corresponding provisions of sections 308 and 309 of the Code of Civil Procedure, as construed in Downing v. Marshall, 37 N. Y. 380.   Such slight changes of phraseology as have occurred in these provisions do not affect the force of Downing v. Marshall as an authority (Matter of Holden, 126 N. Y. 589, 27 N. E. 1063), and the case of Allen v Stevens, 161 N. Y. 123, 55 N. E. 568, cannot well be viewed as supporting a different rule.   True, in that case the court assumed that there was power in the court below to grant allowances to the defendants; but the question was not presented for discussion, since it appears that each party who appealed from the allowance to the other had an, allowance to protect for his own part, and the quantum only was the subject of the appeal, not the power to make an allowance, which power the parties evidently conceded in their common interest.

The guardian ad litem for one of the defendants has rendered services of a substantial character, and an allowance for his services should certainly be awarded him, if the court had the power to do so. If additional allowances could be made to defendants in the action under section 3253 of the Code of Civil Procedure, it would appear that the infant defendant could properly be granted an allowance in addition to costs, like any other defendant represented by counsel in the litigation.   Such an allowance, when awarded, would be of the

character of the "taxed costs" by which a guardian ad litem's compensation may be measured (Matter of Robinson, 40 App. Div. 30, 33, 57 N. Y. Supp. 523), and is to be distinguished from a general award to the guardian—without the scope of section 3253 'and made from a fund not actually belonging to the infant—as in Doremus v. Crosby, 66 Hun, 125, 20 N. Y. Supp. 906, and in the cases therein referred to. The distinction is noted in Matter of Robinson, supra, after a review of the authorities, including the case of Doremus v. Crosby; and there would appear to be no proper theory upon which an infant party is to be excluded from the benefit of section 3253, where an adult defendant similarly situated would receive an additional allowance under that section because of his appearance and participation in litigation, to which he has been joined to the end that the proper disposal of a fund before the court may be made with a joinder of all necessary parties. Where the situation is such that a party defendant, if an adult, would be granted from the fund in suit an allowance in addition to costs under section 3253, the policy of the law would certainly not require that, because of infancy, compensation for the services of counsel must be withheld, or, which is the same thing, deducted from the infant's own particular share in the fund. The unfairness to the infant of such a result is obvious, and it is certainly uncalled for upon what appears to me to be the proper reading of the authorities in connection with the apparent meaning of section 3253 of the Code.

Were this a case other than for the construction of a will, therefore, I could properly grant a statutory allowance to this infant defendant, as in the case of others; but, in view of the rule stated in Hafner v. Hafner, supra, no allowance may be made other than to the plaintiffs, and, since the infant has no interest in a fund from which compensation to the guardian for necessary services may be directed to be made, the court can find no means of providing that compensation in the judgment to be entered.

Ordered accordingly.