MacFARLANE et al. v. BROWER et al.

(Supreme Court, Special Term, New York County. April 16, 1909.)

Costs (§ 164*)—Additional Allowances—Nature of Subject-Matter—Partition.

An allowance cannot be made to parties in a partition action in the aggregate of more than 5 per cent. of the whole value of the property sought to be partitioned. No allowance in addition to the taxable costs can be made to the guardian ad litem of infant defendants having no present interest in the proceeds of the sale, and no additional allowance can be granted to a mortgagee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 628, 645; Dec. Dig. § 164.*]

Action by Augusta L. MacFarlane and others against John V. Brower and others. Motion to confirm referee's report and for final judgment. Motion granted.

William H. Good, for plaintiffs.

Matthew C. Fleming, for defendants Brower and others.

Hill, Lockwood, Redfield & Lydon (Robert L. Redfield, of counsel), for defendant Baltazzi.

George N. Whittlesey, guardian ad litem for infant defendants Manning and others.

Deyo & Bauerdorf (Howard C. Taylor, of counsel), for defendant mortgagee.

George S. Billings, for defendants Lovett and others.

J. J. Karbry O'Kennedy, guardian ad litem for infant defendant Lovett.

GIEGERICH, J. Motion to confirm referee's report of sale and for final judgment granted. Under the rule laid down in Doremus v. Crosby, 66 Hun, 125, 20 N. Y. Supp. 906, there cannot be allowed to the parties in the aggregate more than 5 per centum upon the whole value of the property sought to be partitioned. In other words, where the property brings $80,000 or more, $4,000 can be awarded in the aggregate, or $2,000 to each side. The infant defendants, Henry B. Manning, Jr., and John L. Manning, have no present interest in the proceeds of the sale, and therefore an allowance in addition to the taxable costs cannot be made to their guardian ad litem. Matter of Holden, 126 N. Y. 589, 596, 27 N. E. 1063; Doremus v. Crosby, supra; Matter of Robinson, No. 2, 40 App. Div. 30, 57 N. Y. Supp. 523; Walter v. Walter, 60 Misc. Rep. 570, 113 N. Y. Supp. 897.

The latter is therefore entitled to taxable costs, and no more, out of the estate; and, as his wards have no present interest, there is nothing out of which an allowance can be made to him. An additional allowance cannot be granted to the mortgagee. Doremus v. Crosby, supra. An additional allowance, estimated upon the amount realized, above mortgages, upon the sale of the various parcels of land in suit, in conformity with the rule laid down in Doremus v. Crosby, supra, is made to each of the following parties litigant, viz.: The plaintiffs, $1,300; the 21 defendants who are represented by Mr. Matthew C. Fleming, $925; the defendant Baltazzi, $275; the defendants Arthur W., John E., and Clara Lovett, $50; the guardian ad litem for the defendant Shaw Lovett, $50, in addition to taxable costs.

The final judgment will be settled on notice. The defendant Baltazzi ought to submit and serve a form of final judgment containing a provision of the character referred to in his counsel's brief.