### WALBRIDGE et al. v. WALBRIDGE et al.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

INFANTS (§ 83*)—ACTIONS—COMPENSATION OF GUARDIAN AD LITEM.
    A court cannot award a guardian ad litem compensation payable out of the estate beyond the taxable costs, including additional allowances authorized by the statute; but any additional compensation must be made payable out of the interest of the infant, and, where the infant had no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interest in the subject-matter of the litigation, the guardian will only be allowed the statutory costs and allowances.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 232–235; Dec. Dig. § 83.*]

Appeal from Special Term, Kings County.

Action by John H. Walbridge and others against George O. Walbridge and others. Judgment for defendants, and plaintiffs appeal from so much of the judgment as directs plaintiffs, as executors, to pay $1,-500 to the guardian ad litem of the infant defendant. Reversed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Vine H. Smith, for appellants.
James C. Church, for respondents.

MILLER, J. This action was brought for the construction of a will. The court declined to assume jurisdiction, on the ground that the surrogate had jurisdiction to determine all the questions presented. The allowance to the guardian ad litem, payable out of the estate, was made as compensation, and not pursuant to section 3253 of the Code of Civil Procedure; and the learned counsel for the respondent expressly disclaims in his brief any attempt to sustain the allowance as one made pursuant to said section of the Code.

We are constrained to reverse that part of the judgment appealed from, on the ground that the court had no power to make the allowance payable out of the estate. The only case cited by the respondent to sustain the judgment is Weed v. Paine, 31 Hun, 10; but, as has many times been pointed out, that case involved only the power to make an allowance of taxable costs, including the additional allowances authorized by section 3253 of the Code of Civil Procedure. The law seems to be settled in this state by a long line of decisions that the court has no power to award a guardian ad litem compensation, payable out of the estate, beyond the taxable costs, including additional allowances authorized by the statute; that any additional compensation must be made payable out of the interest of the infant; and that, where it turns out that the infant has no interest in the subject-matter of the litigation, the guardian has to be content with the statutory costs and allowances. Union Ins. Co. v. Van Rensselaer, 4 Paige, 85; Gott v. Cook, 7 Paige, 521–544; Doremus v. Crosby, 66 Hun, 125, 20 N. Y. Supp. 906; Downing v. Marshall, 37 N. Y. 380; Matter of Robinson, 40 App. Div. 30, 57 N. Y. Supp. 523, affirmed 160 N. Y. 448, 55 N. E. 4; Matter of Farmers' Loan & Trust Co., 49 App. Div. 1, 63 N. Y. Supp. 227; Brinckerhoff v. Farias, 52 App. Div. 256, 65 N. Y. Supp. 358; Illensworth v. Illensworth, 110 App. Div. 399, 97 N. Y. Supp. 44; Matter of Holden, 126 N. Y. 589, 27 N. E. 1063; Matter of Pitney, 186 N. Y. 540, 78 N. E. 1110. Those decisions were made in accounting proceedings in the Surrogate's Court, and in Supreme Court actions for the construction of wills, for executors' or trustees' accountings, for mortgage foreclosure, and for partition of real property. The re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sult of them is thus summed up by Mr. Justice Cullen, speaking for this court in this department, in the Matter of Robinson, supra:

"We think the Holden Case is authority for the general proposition that no allowances can be made for counsel in a litigation beyond taxable costs (which would include any extra allowance authorized by sections 3252 and 3253 of the Code of Civil Procedure), except in the case of trustees who represent the fund, or of one who has recovered the fund for the benefit of himself and others."

Of course the power to allow the guardian ad litem compensation, payable out of the interest of the infant, is undoubted, and we do not decide whether an additional allowance, under section 3253 of the Code, was justified.

The judgment, so far as appealed from, should be reversed, and the case be remitted to the Special Term.

Judgment, in so far as appealed from, reversed, without costs, and case remitted to the Special Term. All concur.