In the Matter of the Application of JAMES C. HOLDEN, as Trustee, etc.

The power to award costs in special proceedings is fixed and limited by the Code of Civil Procedure (§ 3240), and under it the court has no power to grant extra allowances; it can only award costs in its discretion "at the rate allowed for similar services in an action brought in the same court."

A proceeding instituted by a trustee of a trust fund for leave to resign and to procure the appointment of a new trustee, is a special proceeding.

Where, therefore, in such a proceeding the several beneficiaries being made parties, appeared by separate counsel and took an active part in the examination and settlement of the accounts of the retiring counsel, and allowances for counsel fees were made to several of them, *held*, error.

Certain of the parties, who were infants, appeared by guardian; they had no present interest in the trust fund, but simply a contingent and reversionary interest in the share of one of the beneficiaries. *Held*, that an allowance to the guardian, payable out of the trust fund, was error.

*It seems* that an allowance to the new trustee appointed in such proceedings was improper.

*Wetmore* v. *Parker* (52 N. Y. 466); *Savage* v. *Sherman* (87 id. 277); *Downing* v. *Marshall* (37 id. 380), distinguished.

(Argued April 27, 1891; decided June 2, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made December 31, 1890, which affirmed two orders of Special Term, which modified, and confirmed as modified, the report of the referee appointed in this proceeding.

James C. Holden, who was the trustee under the will of Albert Weber, deceased, instituted a proceeding for leave to resign and for the appointment of a new trustee. The petitioner's resignation was accepted and a new trustee appointed. The several beneficiaries under said will were made parties;,

and upon the settlement of the accounts generally appeared by separate counsel. A referee was appointed to consider and report what allowances in lieu of costs and disbursements, and in addition thereto, by way of counsel fees, would be proper to be made to the parties, or their counsel or attorneys, and whether or not the same should be made in part or in whole a charge upon said estate, and in what amounts.

Said referee rendered a report in which he made various allowances. This was excepted t by the widow of the testator, his son Albert Weber and the newly appointed trustee. After being modified, said report was confirmed by an order of Special Term, which was resettled by a subsequent order, both of which were appealed from.

Further facts are stated in the opinion.

*Sutherland Terry* for appellant. This proceeding is a special proceeding and not an action. (Code Civ. Pro. §§ 3333, 3334, 3338.) This being a special proceeding, the court had no power to make an extra allowance of costs. (*In re R. & S. R. R. Co.*, 55 N. Y. 145 ; *Simpson's Case*, 26 Hun, 459.)

*Charles C. Protheroe* and *William Man* for Robina Protheroe and Martha Weber, Jr., respondents. In regard to the question of law involved as to the right of the court to make allowances in such a case, this is not merely the account of a trustee or the appointment of a new trustee, nor merely a bare special proceeding. (Voorhees' Code, §§ 303, 309 ; *Coates* v. *Goddard*, 2 J. & S. 118 ; *Parrot* v. *Sawyer*, 26 Hun, 466 ; *Jermain* v. *L. S. R. R. Co.*, 31 id. 558 ; *Savage* v. *Sherman*, 87 N. Y. 277.) Entirely aside from section 3240 of the Code and the costs to be allowed in special proceedings under that section, it is the general practice of the court in an equity case, whether taken by petition or otherwise, to award counsel fees or compensation out of a fund in court (in proper cases in its discretion) in exoneration of personal expenditure by those interested in the trust fund, where their counsel have rendered services for the benefit of the trust

fund. (*Griffin* v. *Griffin*, 47 N. Y. 134, 137; *Wetmore* v. *Parker*, 52 id. 450.)

*Platt & Bowers* for Martha Weber, respondent. Allowances will be made to trustees and others, acting in a fiduciary capacity, for all expenses necessarily incurred in the faithful performance of their duties, including counsel fees. (*Wetmore* v. *Parker*, 52 N. Y. 450; *Savage* v. *Sherman*, 87 id. 277; *Downing* v. *Marshall*, 37 id. 380; *Trustees, etc.*, v. *Greenough*, 105 U. S. 527.) It is the common practice of courts to make allowances to the various parties interested in an accounting or in an action for the construction of a will and it is only when this course is objected to by any one of the parties the courts may interfere. (*Savage* v. *Sherman*, 87 N. Y. 285.)

*H. W. Vander Poel* for Guardian, respondent. Irrespective of the question as to whether these are special proceedings in which extra allowances cannot be granted, provision for the guardian may always be made. (*Weed* v. *Paine*, 31 Hun, 10.)

RUGER, Ch. J. The question in this case involves the authority of the court to make allowances to parties who appear in a proceeding instituted by the trustee of a trust fund for leave to resign, and to procure the appointment of a new trustee, necessarily involving the examination and settlement of the accounts of the retiring trustee.

In these proceedings the several beneficiaries were made parties, and generally appeared by separate counsel, who took an active part in the conduct of the proceedings. The interests of the beneficiaries were substantially the same, and the services of each attorney inured generally to the benefit of the others. The Special Term, in its final order, made allowances for counsel fees to several of the beneficiaries concerned in the fund, but denied them to others and the retiring trustee, and its order was affirmed by the General Term. The new trustee, who secured for himself by the order an allowance of

$500, appeals to this court from so much of it as makes allowances to the several beneficiaries for counsel fees.

This proceeding obviously was not an action, and must, therefore, be classified as a special proceeding, so far as the power of the court to make allowances to the parties in the litigation is concerned. That power is regulated by section 3240 of the Code of Civil Procedure, which provides that costs in a special proceeding in a court of record and on appeal therefrom may be awarded to any party in the discretion of the court, at the rates allowed for similar services in an action brought in the same court.

This section was substantially a re-enactment of the provisions of chapter 270 of the Laws of 1854, and the decisions under that act are generally applicable to cases arising under the Code of Civil Procedure. The cases in which allowances can be made in actions are defined in sections 3252 and 3253 of that Code and are confined to actions in partition, for the foreclosure of mortgages on real estate, to procure an adjudication upon a will, or other instrument in writing, to compel the determination of claims to real property, or, when an attachment against property has been issued, and in difficult and extraordinary cases.

It is provided by section 3254 that such allowances, when authorized, shall not exceed in the aggregate to all parties the sum of two thousand dollars. It is quite obvious that the allowances in question cannot be supported upon the theory that they are authorized by the provisions of the Code of Civil Procedure, as they were not made in any of the causes of action mentioned therein. The respondents have not, therefore, attempted to sustain the order of the court by a reference to such provisions, and the court below did not assume to grant the allowances upon any such theory. It was contended, however, that an equity court has inherent power in the due administration of a trust estate, or the distribution of a common fund in which many parties are interested, to make allowances from such fund to parties engaged in a litigation in respect thereto, for costs and counsel fees incurred by them.

in such proceedings, if beneficial to the fund, independent of the provisions of the Code. We are referred to several cases, which, it is claimed, support this contention, and, among others, to those of *Wetmore* v. *Parker* (52 N. Y. 466); *Savage* v. *Sherman* (87 id. 277), and *Downing* v. *Marshall* (37 id. 380).

The case of *Downing* v. *Marshall* was an action to obtain the construction of a will. The only principle established by that case, as indicated by its head note, is that in an equitable action for the construction of a will an extra allowance of costs cannot be made under the Code, but that a trustee may be allowed a reasonable disbursement for counsel fees. It was said by Judge MARVIN in that case that " the allowances as costs, beyond the taxable costs, cannot be sustained upon any statute, or any notion of power in the court to allow extra costs, or costs of any kind independent of statutory authority. Is there any other general principle of law upon which they or any part of them can be sustained in whole or in part ? I think there is. The principle to which I refer is, that persons acting *en autre droit*, as executors, administrators, trustees, guardians, receivers, etc., are, upon a faithful execution of their trusts, to be indemnified out of the trust property for all expenses necessarily incurred in the faithful performance of their duties."

The case of *Wetmore* v. *Parker* was also an action to obtain the construction of a will, and involved the power of the court to make an allowance to the executors of the will. It was there held that the Special Term of the Supreme Court has power to make allowances *to trustees and others acting in a fiduciary capacity* for all expenses necessarily incurred in the faithful performance of their duties, including counsel fees, and that the power to do this was independent of the statutory provisions relating to costs, and the cases of *Downing* v. *Marshall* and *De Courval* v. *Ray* (37 N. Y. 380) were cited to sustain this proposition.

We are also referred to the case of *Trustees* v. *Greenough* (105 U. S. 527), where it was held that it was a general principle that a trust estate must bear the expenses of its adminis-

tration, and that it was also established by sufficient authority that when one of many parties, having a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself or by proportional contributions from those who accept the benefit of his efforts.

It is obvious from the mere reading of these authorities that the principles there laid down do not authorize the allowances made in this proceeding. The respondents do not come within the description of persons to whom allowances will be made under either of the rules approved in these cases. A reference to other cases decided in this court, seems to bear strongly against the existence of the power under which this order is claimed to have been made. The case of *Savage* v. *Sherman* (87 N. Y. 279) we consider an authority against the respondents, as it was there held, in an action to obtain a construction of a will creating a trust estate, upon the appeal of one of the beneficiaries in the trust, that allowances of counsel fees from the trust fund made to the several parties, other than trustees, who appeared on an accounting in such estate and litigated the questions involved were not authorized, Judge RAPALLO saying: "We can find no ground upon which the allowances to parties other than the trustee can be sustained. We are not referred to any statute or any authority sanctioning such allowances. The trustees were entitled to be allowed their reasonable expenses for rendering and passing their accounts, but the counsel for the other parties, who attended to protect the interests of such parties in the accounting, should look to their respective clients for their compensation, and we are not aware of any rule or principle whereby any of the parties are entitled to call upon the others to pay counsel fees which they incur on their own behalf for the protection of their personal interests."

It was held in *Rensselaer & Saratoga R. R. Co.* v. *Davis* (55 N. Y. 147), that the "allowance of costs in special proceedings, other than the special cases embraced within

section 318 of the Code, is governed by chapter 270 of the Laws of 1854.   *   *   *   That part of the order of the Special Term, which grants an allowance to the defendants cannot, we think, be sustained.   It was made upon the ground that the case was difficult and extraordinary.   Section 309 of the Code authorizes the court, in its discretion, to make an allowance beyond the prescribed costs in difficult and extraordinary cases when a defense has been interposed or a trial has been had, and in an action or proceeding for the partition of real estate."   The court then referring to the act of 1854, prescribing the costs to be allowed in special proceedings, says: " We are of the opinion that the costs referred to in that act are those to which the prevailing party in an action is, of right, entitled and that the provision for extra allowance in section 309 applies to actions only, and not to special proceedings."

It is true that some changes in the provisions of the Code have been made, and also in the phraseology of chapter 270 of the Laws of 1854 (now § 3240 of the Code of Civil Procedure) since that decision was made, but none. which affects the construction to be given to the several sections of the Code in their relation to each other.   The decision seems to be directly in point upon the want of authority in the court to make allowances beyond the prescribed rates in special proceedings, and the law was so understood by the court from which this appeal comes to us.

The head note in the *Matter of Simpson* (26 Hun, 461) reads as follows: " Under section 3240 of the Code of Civil Procedure, a court has no power to grant allowances in special proceedings; it can only award costs at the rates allowed for similar services in an action brought in the same court and in like manner.   A proceeding instituted to procure the settlement of the accounts of a deceased trustee and the appointment of a successor, which is neither commenced or prosecuted by a summons or complaint, is a special proceeding and not an action."

We think that case was well decided, and contains a correct statement of the law applicable to the subject.   If this were a

proceeding in which an extra allowance could properly be made to a guardian, there might be some difficulty in reversing that part of the order; but, as it is, it furnishes no exception to the operation of the rule adopted as to the other respondents. It may also be said that it does not appear that the guardian for the infant defendants rendered any important or laborious service in the matter, but whether this be so or not, his wards had a contingent and reversionary interest in the share of one of the beneficiaries only. This gave them no present interest in the trust fund and under the cases of *Union Ins. Co.* v. *Van Rensselaer* (4 Paige, 87), and *Downing* v. *Marshall* (*supra*), an allowance to their guardian could be made only out of the shares of the infants.

We entertain no doubt of the meritorious character of the services rendered by the several attorneys for the respective parties in these proceedings, or but that they were instrumental in protecting the fund designed to compose the trust estate; but this was a subject in which their clients were specially interested and which interest they were specially retained to protect, and there seems no reason why their services should not be compensated for by those for whose benefit they were performed.

We are, therefore, of the opinion that the court below had no power to make the allowance appealed from. In view of the fact that the appellant had an allowance made to him, which should have been disallowed, as the others were, we give no costs on this appeal.

It follows that the orders of the General and Special Terms, so far as appealed from to this court, should be reversed, without costs to either party on this appeal.

All concur.

Orders reversed.