(10 Misc. Rep. 650.)

### CITY OF BROOKLYN v. LONG ISLAND WATER-SUPPLY CO.

(Supreme Court, Special Term, Kings County. December, 1894.)

COSTS—EXTRA ALLOWANCE—CONDEMNATION PROCEEDINGS.

Code Civ. Proc. § 3372, providing that an extra allowance may be granted in condemnation proceedings, abrogates the rule that such allowance is confined solely to actions, and could not be granted in special proceedings, and applies to all condemnation proceedings, whether taken under the Code of Civil Procedure or under a special law.

Proceeding by the city of Brooklyn to condemn the property and franchises of the Long Island Water-Supply Company, organized in the town of New Lots, which town was afterwards annexed to the city of Brooklyn. A motion by the city of Brooklyn to confirm the report of the commissioners of appraisal was denied at special term. 24 N. Y. Supp. 807. This order was reversed on appeal to the general term (26 N. Y. Supp. 198); and the decision of the general term was affirmed by the court of appeals (38 N. E. 983); and the Long Island Water-Supply Company now moves for an additional allowance. Granted.

Wm. C. De Witt and Thomas E. Pearsall, for the motion.
Albert G. McDonald, Corp. Counsel, opposed.

CULLEN, J. There can be no question that an allowance should be made to the defendant for defending the proceedings to acquire its property, provided the court has power to make such an allowance. I think that the court has the power. Under section 3240 of the Code, costs in a special proceeding, where they are not specially regulated, may be allowed to any party at the rates allowed for similar proceedings in an action. In Railroad Co. v. Davis, 55 N. Y. 145, it was held that the right to grant extra allowances was confined solely to actions, and could not be granted in special proceedings. In Re Holden, 126 N. Y. 589, 27 N. E. 1063, that doctrine has been reiterated emphatically. But, since the time when the two

decisions cited were made, the Code has been altered by adding thereto the chapter called the "Condemnation Law." By this addition, section 3372, the court is expressly authorized to grant to the property owner an additional allowance, not exceeding 5 per cent. on the amount awarded. This change in the law has, in my judgment, abrogated the effect of these decisions, so far as it relates to proceedings to condemn land, even as to those which are not taken under the particular provisions of the law cited. The condemnation law is general. It was intended by it to reverse the rule announced by the court which forbade allowances in such proceedings, and to enact a new rule, to wit, the allowance of an indemnity to the landowner for the expenses. of his defense. In re Lake Shore & M. S. Ry. Co. (Sup.) 20 N. Y. Supp. 573. If costs can be awarded the respondent at all, it seems to me it should be such costs as are allowed by the Code in cases most similar to the one in hand. This is only answered by saying that section 3240 of the Code assimilates the costs to those of actions, and that proceedings under the condemnation law are not actions, but special proceedings. But, though commenced by petition and notice, the Code makes condemnation proceedings practically an action. Judgment is to be entered therein, and provisions for the conduct of actions are made to apply to it. I think the argument too technical which would give the respondent his costs as in an action, and deny his right to an allowance as in condemnation proceedings. Application granted. I will hear the parties as to the amount.