*Extra allowance — unauthorized in a proceeding under chapter 481 of 1892 — eminent domain.*

In a proceeding instituted under chapter 481 of the Laws of 1892, authorizing the city of Brooklyn to condemn and acquire the franchises and property of the Long Island Water Supply Company, the court has no power to grant an extra allowance.

Such a proceeding is not taken under the General Condemnation Law, and section 3372 of the Code of Civil Procedure has no application to it.

PRATT, J., dissenting.

APPEAL by the city of Brooklyn from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 2d day of January, 1895, granting the motion of the Long Island Water Supply Company for an extra allowance in a proceeding instituted under chapter 481 of the Laws of 1892, authorizing the city of Brooklyn to condemn and acquire the franchises and property of the Long Island Water Supply Company.

*Henry Yonge*, for the appellant.

*Thomas E. Pearsall*, for the respondent.

BROWN, P. J.:

I am of the opinion that the court had no power to grant the order appealed from.

Section 3240 of the Code of Civil Procedure authorizes an award of costs in special proceedings at the same rates allowed for similar services in actions. But this section does not empower the court to grant an extra allowance. (*Matter of Holden*, 126 N. Y. 589.)

This proceeding was not instituted under the General Condemnation Law, but pursuant to chapter 481, Laws of 1892, and, therefore, the order cannot be sustained under section 3372 of the Code. Moreover, the conditions do not exist under which alone costs and allowances can be granted to a property owner under the latter section. That section provides for an offer by the plaintiff to purchase the property which it proposes to take at a specified price. If the offer is not accepted and the compensation awarded by the commission does not exceed the amount of the offer with interest from the time it was made, no costs can be allowed either party, and it is only when the compensation awarded exceeds the amount of the offer with interest as aforesaid, that the court may grant costs and an allowance to the defendant to be paid by the plaintiff.

No offer was made by the city in this case, and none was necessary under the act which authorizes this proceeding.

The order must be reversed, and the motion denied.

DYKMAN, J., concurred; PRATT, J., dissenting.

Order reversed with ten dollars costs, and motion denied.