### In re EAST 133D ST.

(Supreme Court, Special Term, New York County. March 19, 1904.)

STREET IMPROVEMENTS—ASSESSMENTS—STREET RAILWAYS.

A street railway company may not be assessed for the widening of a street merely because of its occupation of the street with its tracks.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1033, 1050.]

In the matter of East 133d street from Cypress avenue to the Southern Boulevard. On application to confirm report of commissioners. Objections overruled.

MacLEAN, J. Upon this application to confirm the report of the commissioners of estimate and assessment certain owners of property, not otherwise opposing, address the discretion of the court for costs and an extra allowance under sections 3240 and 3372 of the Code of Civil Procedure. As the proceedings herein wer not instituted under the general condemnation law, but under and pursuant to the provisions of the Greater New York charter, section 3372 of the Code is inapplicable (Matter of City of Brooklyn, 88 Hun, 176, 177, 34 N. Y. Supp. 991), and while it would seem that costs might be awarded under section 3240 of the Code (Matter of South Market St., 80 Hun, 246, 29 N. Y. Supp. 1030, and Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413), sections 998 and 999 of the Greater New York Charter (Laws 1901, pp. 425, 426, c. 466), relating to the taxation of costs, fees, and expenses or disbursements of the commissioners alone, insufficient appears to call for the exercise of the discretion of the court in that regard. Objection, however, is made to the confirmation of this

report on the ground that "corporations holding franchises and tangible property for the operation thereof have not been assessed for the benefit derived by them for their improvement." While the commissioners are authorized by section 980 of the Greater New York Charter to extend their estimate and assessment "to any and all such lands, tenements and hereditaments and premises as they may deem to be benefited by the improvement," they may not, under such authorization, assess the franchise of a corporation, for it has been held that "such franchise could not be the subject of assessment for benefit" (Matter of Com'rs of Public Parks, 47 Hun, 302, 304) ; and, as the Court of Appeals has said in People ex rel. Met. St. Ry. v. Tax Com'rs, 174 N. Y. 417, 439, 440, 67 N. E. 69, 74, 63 L. R. A. 884. "The new property is real estate in name, but not in reality, for it is a mere privilege to do something in public streets and places not permitted to citizens generally." Nor may they assess the tangible property used for the purposes of the franchise, for, so far as appears, "no tangible property was affected, except such as was situated in the public highways, and was so incidental to and dependent upon the special franchises as to have no substantial value unless used in connection with them," and "the value of either resides in the union of both, and can be practically ascertained only by treating them as a unit. Unless assessed together, both cannot be adequately assessed." People ex rel. Met. St. Ry. v. Tax Com'rs, 174 N. Y. 440, 441, 67 N. E. 69, 74, 63 L. R. A. 884. The further objection that the awards are grossly inadequate and insufficient to compensate certain owners of property, of which damage No. 7 is a part, is untenable here, for, though estimates of value furnished by the respective parties differed widely, error of principle does not appear to have been committed by the commissioners, whose report herein will therefore be confirmed.