### ROTHSCHILD et al. v. WISE et al.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. WILLS—CHARITABLE TRUSTS—VALIDITY.

Testator bequeathed the residue of his estate to trustees to pay the income to his wife for life, and declared that at her death the trustees should devote the remainder to the creation of some charitable or educational institution in New York, without restriction as to the character of such institution, except that it should be nonsectarian, and that the fund should not be divided between existing charities, except for the placing of an existing charitable institution on a solid foundation. *Held*, that such charitable trust was valid, under Laws 1893, p. 1748, c. 701, pro-

viding that no gift to charity otherwise valid should be deemed invalid by reason of the indefiniteness of the beneficiaries.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Charities, §§ 44–49, 64, 75, 76.]

**2. SAME—DECLARATIONS OF TESTATOR.**

Declarations made by testator after the execution of a will containing a charitable bequest to trustees, leaving the selection of the charity to them, are incompetent for the purpose of construing such bequest.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Charities, § 64.]

**3. SAME—INTENTION OF TRUSTEES.**

Where testator devised the residue of his property to trustees, to pay the income to his wife for life, and to the trustees after her death to pay to a charity to be selected by them, evidence as to the present intention of such trustees, prior to the termination of the wife's interest, with reference to the charitable beneficiary, was incompetent in a proceeding to construe such bequest.

**4. SAME—SELECTION OF BENEFICIARY.**

Where testator devised the residue of his property to trustees, to pay the income to his wife for life, and thereafter to the survivors, for the benefit of a charity to be selected by them, no charity could be selected in a suit to construe the bequest prior to the termination of the widow's interest.

**5. SAME—RIGHT OF APPEAL—PARTIES.**

Where trustees were appointed by testator to take charge of the residue of his property, and after the death of his widow to apply the residue to a charity to be selected by them, such trustees were entitled to appeal from a judgment disposing of the property held by them in trust in contravention of the testator's intention.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 942; vol. 9, Cent. Dig. Charities, § 82.]

**6. SAME—ACTION TO CONSTRUE WILL—COSTS—EXTRA ALLOWANCE.**

In an action to construe a will disposing of an estate of $600,000, the residue being bequeathed to trustees for the testator's wife for life, remainder to a charity to be selected by the trustees, an extra allowance of costs of $2,000 to the executors, and the same amount to be divided among the widow and trustees, should be reduced to $1,000 to such executors, $500 to the trustees and the widow, and $250 to the guardian ad litem of certain infants.

Appeal from Judgment on Report of Referee.

Action by Jacob Rothschild and others, as executors and trustees under the last will of Simon Goldenberg, deceased, against Minnie B. Wise and others. From a judgment entered on the report of a referee, the executors and Wise and others appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Delos McCurdy, for appellants Wise and others.

John J. Crawford, for appellants executors and trustees.

Louis Marshall, for respondents.

INGRAHAM, J. Simon Goldenberg, a resident of the county of New York, died on the 19th day of February, 1897, leaving a last will and testament, dated June 28, 1895, and appointing the plaintiffs the executors and trustees under his will, which was admitted to probate by the surrogate of the county of New York, and letters testamentary thereon were issued to the plaintiffs, who subse-

quently duly qualified. The testator left, him surviving, the defendant Mary Goldenberg, his widow, but no children; his next of kin being brothers and sisters, and the descendants of deceased brothers and sisters. The deceased at the time of his death was the owner of real and personal property located in the state of New York amounting to more than $600,000. After making certain specific bequests, the testator, by the nineteenth clause of his will, left the residue of his estate in trust for the benefit of his wife during her life, and by the twenty-third clause of his will disposed of the trust estate upon her death. After making several specific bequests of the property held in trust by the fifteenth subdivision of the nineteenth clause of the will, he disposed of the residue and remainder of the trust fund, and this action is brought to determine the validity of this disposition of such residue. The trust estate is vested in plaintiffs, as trustees, during the life of the testator's widow, and the question of validity of this disposition of the remainder of the trust estate by the fifteenth subdivision of the nineteenth clause of the will will not arise until the death of the testator's widow. As all those interested in the division of the trust are parties, and seem to have united in requesting a determination as to the validity of this provision of the will; and, as the judgment as entered has determined it, it is probably for the interest of those concerned that the construction and validity of this provision of the will should be determined.

We think an examination of the provisions of the will makes the intention of the testator quite clear. He had no children. He made ample provision for his widow, leaving to her the income of the whole of his property during her life. After her death he gave to certain of his relatives specific legacies from this property thus held in trust, and then provided for the disposition of the residue by the fifteenth subdivision of the twenty-third clause of the will, as follows:

"I give, devise and bequeath all the rest, residue and remainder of my estate, together with such other estate, both real and personal, as to which for any cause I may die intestate, after the payment of the foregoing bequests, to Jacob H. Fleisch, Jacob H. Schiff, Julius Goldman, M. Warley Platzek, Isaac Wallach, Jacob Rothschild, Simon Ottenberg, Joel Goldenberg and Louis Seeberger, or the survivors of them, all of the City, County and State of New York, and it is my wish that said persons apply the said rest, residue and remainder of my estate and property to the creation of some charitable or educational institution in the City of New York. I desire to place no restriction upon them with regard to the character of such charitable or educational institution, excepting that I desire the same to be nonsectarian, and that I do not desire to have the fund hereby created to be divided between existing charities (but this not to preclude said legatees from enlarging or placing upon a solid foundation, an existing charitable institution, if they shall deem it advisable so to do), having full confidence that they will found a charity which will add something to the improvement of the physical, moral, or intellectual improvement of those for whose benefit they will create such institution."

There can be no doubt, I think, that the testator, by this provision, intended to devote the residue of his estate to charity, subject to the provision for the support of his widow during her life. He could not tell when the property would be available for final dispo-

sition, for his wife might live to enjoy the income that he had provided for her for many years; and so he provided that upon the death of his wife this property that had been held in trust to provide her an income should be paid to the persons named, "or the survivors of them." The payment was thus to those named as a class, and to the survivors at the death of the widow. The legatees who received the bequest were to apply it to—

"The creation of some charitable or educational institution in the City of New York  *  *  *  (not to preclude said legatees from enlarging or placing upon a solid foundation, an existing charitable institution, if they shall deem it advisable so to do), having full confidence that they will found a charity which will add something to the improvement of the physical, moral, or intellectual improvement of those for whose benefit they will create such institution."

If the testator had known the institution or charity to which he desired this residuary estate to be devoted, he would have named it in the will; but he preferred to leave that question undetermined, to be settled by the legatees when the property was in a position to be distributed. Upon the death of his wife the property was to go to those named, or the survivors of them, and it was the testator's intention that those in whom the property should then vest should determine the particular charity that he wished to establish. This indication of the testator's intention seems to me to make the provision clear and consistent—furnishes a reason for his not designating the charity that he wished to assist; realizing that, in the years that might elapse before the death of his widow, the existing charities might change, and new charities come into being, or that conditions would exist which would make the application of the fund to a purpose that was not known when the will was made of more use to those whom he desired to benefit. The first question that is presented is whether there is any legal objection to the court giving effect to this intention.

It may be assumed that prior to the change of the law of this state in regard to charitable uses by chapter 701, p. 1748, of the Laws of 1893, this intention could not have been given effect, for the reason that there was uncertainty in regard to the beneficiaries. But since the passage of this act this objection will not defeat a disposition of property to charitable uses. That was decided in Allen v. Stevens, 161 N. Y. 123, 55 N. E. 568. The will in that case contained provisions somewhat similar to the will in question. There the testator, after the termination of a life estate, gave the rest and residue of his estate to his trustees thereafter named, "for the purpose of founding, erecting and maintaining Graves Home for the Aged, to be located in the City of Syracuse in the State of New York." He appointed his executors and trustees to execute that trust, and directed his executors to convey the property to his trustees for that purpose. It was held that under the provisions of this statute the gift was valid. The court, in speaking of the provisions of the will, said:

"While the place where 'Graves Home for the Aged' is to be located is stated, and the general object of the charity is clearly given, namely, to pro-

vide a home for the aged who by misfortune have become incapable of pro-
viding for themselves, it is still indefinite as to the territory from which such
aged people may be accepted at the home. But for the statute that we have
been considering, this trust would fail because of the indefiniteness of the
beneficiaries; but the practice that it revives makes it necessary for the Su-
preme Court, when properly moved by the Attorney General, representing the
beneficiaries, to ascertain, as nearly as may be, the intention of the testator
as to the method of selecting those aged persons who are to be the beneficiaries
of the home, and to make such intention efficacious by decree. *  *  *  In
this case trustees were named, and, as the eleventh clause of the will express-
ly prohibits the trustees from holding any portion of the testator's property
longer than the lives of the two persons in being therein named, it must be
held that the trustees are charged with the management and conduct of the
trust until the.expiration of a period measured by the two lives in being, at
which time the title to the trust property will vest in the Supreme Court,
under the statute."

And this opinion was concurred in by a majority of the court.

In the light of the construction given to chapter 701, p. 1748, of
the Laws of 1893, by the decision in the case cited, I think there is
no difficulty in upholding this clause of the will, and carrying out
the intention of the testator. The property is to remain in the hands
of the trustees named during the life of the testator's widow, the in-
come to be applied for her benefit. Upon her death the property is
to be paid to the survivor of the persons named in the fifteenth sub-
division of the twenty-third clause of the will, who are then to deter-
mine the application of the property received by them in accordance
with the testator's intention. Section 1 of chapter 701, p. 1748, of
the Acts of 1893, provides that "if in the instrument creating such a
gift, grant, bequest or devise there is a trustee named to execute
the same, the legal title to the lands or property given, granted, de-
vised or bequeathed for such purposes shall vest in such trustee."
If it should happen that before the termination of the trust all of
the persons named in this clause have died, then the next clause of
the statute would apply: "If no person be named as trustee then the
title to such lands or property shall vest in the supreme court." By
the second section of the act the Supreme Court is given control over
such gifts, and the Attorney General is directed to represent the
beneficiaries, and to enforce such trust by proper proceedings in
the court. Under this act, therefore, it would be the duty of the
Attorney General, upon the death of the wife and the payment of
the money to the legatees named, to enforce the provisions of the
will by proper proceedings in the Supreme Court; and, as by the
act the Supreme Court is given control over the bequests, it can then
give such direction for the ultimate disposition of the property as
the circumstances require. This conclusion is somewhat at variance
with that arrived at by the learned referee, and requires a modifica-
tion of the judgment.

There was offered upon the trial, and admitted against the objec-
tion of the plaintiff and the next of kin of the testator, testimony
as to conversations with the testator after the making of the will
as to the disposition which he desired the legatees to make of this
portion of his property. We think this testimony incompetent.
The will, in express terms, gives to the legatees named in this
clause of the will a discretion as to the ultimate disposition of his

property. Certainly that provision cannot be altered by conversations had with the testator as to what he would desire if this property was to be distributed. We supposed nothing was better settled than that declarations of a testator are incompetent to effect testamentary disposition made in a will duly executed and admitted to probate. Nor do we think that the present intention of those who are to determine the question as to the ultimate disposition of this property at the termination of the life estate is competent, as having any bearing upon the disposition that is to be made of the property when it is paid to them. The discretion with which they are vested is not to be exercised until the property shall come into their hands; but while, by the second section of chapter 701, p. 1748, of the Laws of 1893, the Supreme Court is to have control of this bequest, the control there given is to carry out the expressed intention of the testator, and to see to it that the disposition that is made carries out, as near as may be, such intention. The court has no power now to determine to whom this money shall ultimately be paid, and although, if this money was now distributable, the institution selected by the legatees and the learned referee may be a proper institution to which the money should be paid—a question that we do not decide—the court cannot now by judgment select the institution to whom the money is to be paid at the termination of the life estate. At that time this institution may not be in existence, it may have so changed its by-laws as to be a sectarian, or for some other reason it may not be a proper institution to receive the legacy. It is sufficient, however, to say that by his will the testator intended to vest a discretion in the legatees as to the institution to whom this property should go, to be exercised when it should come to them. If these views are correct, it follows that the judgment appealed from must be modified by declaring that the fifteenth subdivision of the twenty-third clause of the will is valid, and that upon the termination of the life estate the trustees are directed to pay the remainder of the trust fund, after providing for the legacies contained in the former subdivisions of this clause of the will, to the survivors of those named in the fifteenth subdivision of the twenty-third clause of the will.

Counsel for the respondents objects to the court's entertaining this appeal upon the ground that the executors and trustees have no right to appeal; but they are appointed by the testator his executors and trustees, and upon them devolves the duty of carrying into effect his intention. They certainly have a right to appeal from a judgment which disposes of the property held by them in trust in contravention of the intention of the testator.

The allowances granted in this case seem to be out of all proportions to the service rendered. The plaintiffs were allowed $2,000, and the same amount was divided among the defendants. We think it was a proper case for an allowance to those who are made parties as executors and trustees, or as acting in a fiduciary capacity, and to the guardian ad litem appearing for the infant defendants (Wetmore v. Parker, 52 N. Y. 450; Matter of Holden, 126 N. Y. 589, 27 N. E. 1063), and that the defendants Jacob H. Schiff and other

legatees occupy this position. The allowance to the plaintiffs should be reduced to $1,000; to the defendants Schiff and others, to $500; and to the guardian ad litem, $250. The next of kin of the testator, having no interest in the estate, are not entitled to an allowance.

It follows that the judgment appealed from must be modified as before indicated, and, as modified affirmed, with costs to the plaintiffs to be paid out of the estate. All concur.