(49 Misc. Rep. 606.)

## In re MANKOWSKI.

(Supreme Court, Special Term, New York County. February, 1906.)

1. COSTS—EXTRA ALLOWANCE—SPECIAL PROCEEDING.
    Code Civ. Proc. § 3240, allowing the granting of costs in a special proceeding, does not permit the granting of an extra allowance in such proceeding.

2. SAME.

The inherent power of a court of equity in the administration of a trust estate to make allowances therefrom to parties engaged in litigation in respect thereto, when such litigation is beneficial to the fund, does not apply to an application for additional allowance to the trustees and remaindermen, who successfully opposed the motion by the foreign committee of a lunatic life beneficiary for an order directing the transmission of surplus income to the said committee.

In the Matter of Mankowski. Application for additional allowance to trustees and remaindermen. Denied.

Selden Bacon, for committee.

C. G. Bennett, for trustees.

Hoge & Humphrey, for remaindermen.

BLANCHARD, J. This is an application for additional allowance to the trustees and remaindermen, who successfully opposed a motion made by the foreign committee of the lunatic life beneficiary for an order directing the transmission of surplus income to said committee. The proceeding for which the allowance is asked was a special proceeding. Code Civ. Proc. §§ 3333, 3334. It has been held that section 3240 of the Code of Civil Procedure, which allows the granting of costs in a special proceeding, does not permit the granting of an extra allowance. Matter of Holden, 126 N. Y. 589, 27 N. E. 1063; Matter of City of Brooklyn, 88 Hun, 176, 34 N. Y. Supp. 991. While it is true that an equity court has inherent power, independent of the provisions of the Code, in the administration of a trust estate to make allowances therefrom to parties engaged in litigation in respect thereto when such litigation is beneficial to the fund, an examination of the authorities shows that such allowances are made only to persons acting en autre droit for faithful discharge of their trusts. Matter of Holden, supra. The moving parties do not appear to bear that relation to the lunatic for whom application was made in this proceeding, nor does it clearly appear that the lunatic's estate has been greatly benefited. The motion, therefore, is denied.

Motion denied.