(71 Misc. Rep. 508.)

SYRACUSE SAVINGS BANK v. STOKES et al.

(Supreme Court, Special Term, Onondaga County. April, 1911.)

MORTGAGES (§ 568*)—FORECLOSURE—COSTS.

In proceedings for distribution of surplus money arising on foreclosure of a mortgage, an extra allowance of costs will not be allowed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1639–1646; Dec. Dig. § 568.*]

Action by the Syracuse Savings Bank against Jane Stokes, executrix of Robert Stokes, and others, to obtain surplus money arising on foreclosure. Report of referee confirmed.

Miller & Matterson, for petitioner.

J. Charles Meldram, for Sarah Chapman and others.

Harley J. Crane, for Charles Young and others.

Thomas F. Murphy, for executrix.

Homer & Waldo Weston, for Wright and Wall.

DEVENDORF, J. This is a proceeding to obtain surplus moneys arising on foreclosure of three separate mortgages in different actions. There has been a prolonged contest, and much work has been done by the respective counsel, and they are entitled to substantial pay; but it may not be within the power of the court to make payment from the funds in question, and they may be compelled to look therefor to their clients, or the party employing them.

This is a special proceeding (Velleman v. Rohrig, 193 N. Y. 439, 86 N. E. 476; House v. Amsdell B. & M. Co., 133 App. Div. 486, 117 N. Y. Supp. 796), and, as to the award of costs and allowances therein, comes within the provisions of section 3240 of the Code of Civil Procedure. The actions from whence the moneys came were mortgage foreclosures, and within that category of cases where an additional allowance may be granted (Code Civ. Proc. §§ 3252, 3253); and the result of the work of the counsel, supplemented by the well-considered report of the learned referee, in effect partitions this considerable amount of money and settles the ownership and rights of the respective claimants in reference thereto.

This proceeding has accomplished as much, and along the same lines, as ordinarily would be accomplished in a difficult and extraordinary partition action. A taxable bill of costs will not compensate the attorney for the moving claimant nor the counsel representing upwards of 80 per cent. of the amount involved; but, after a careful examination of the authorities, regardless of the nature of the action wherein the moneys were brought into court, I think the statutory

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

power is lacking to permit of an additional allowance herein. Costs may be awarded to any party in the discretion of the court at the rates allowed for similar services in an action brought in the same court and in like manner. Code Civ. Proc. § 3240.

Justice Blanchard, in Matter of Mankowski, 49 Misc. Rep. 606, 99 N. Y. Supp. 1058, says:

"The proceeding for which the allowance is asked was a special proceeding. It has been held that section 3240 of the Code of Civil Procedure, which allows the granting of costs in a special proceeding, does not permit the granting of an extra allowance."

Justice Brown, in Matter of City of Brooklyn, 88 Hun, 176, 34 N. Y. Supp. 991, says:

"Section 3240 of the Code of Civil Procedure authorizes an award of costs in special proceedings at the same rate allowed for similar services in actions. But this section does not empower the court to grant an extra allowance."

This case was affirmed in 148 N. Y. 107, 42 N. E. 413, where the following language was used:

"Costs or allowances for expenses in legal proceedings depend upon statute, and, in the absence of any statute allowing them, none can be recovered. * * * The Code authorizes costs to be given in a special proceeding at the rates allowed for similar services in an action (section 3240), but makes no provision for extra allowances in terms. The question has arisen whether, under this section, the court is authorized to award allowances in a special proceeding as it may do in an action, and it has been held that the section only refers to specific costs authorized in the section relating to costs in actions, and that allowances beyond such sums are not authorized." Matter of Holden, 126 N. Y. 589, 27 N. E. 1063; Matter of Village of Tarrytown, 133 App. Div. 297, 117 N. Y. Supp. 695.

I think the above authorities are decisive upon the question of additional costs here. This is a case which would justify something beyond the taxable costs; but, in view of precedents referred to and lack of statutory power, whatever allowances are made must be restricted to a taxable bill of costs. I have concluded to award a taxable bill of costs to Messrs. Miller & Matterson, Mr. Crane, Mr. Murphy, and Mr. Meldram. As to Mr. Weston, he having been defeated, there can be no allowance of costs to him. Lawton v. Sager, 11 Barb. 349; Bevier v. Schoonmaker, 29 How. Prac. 411.

Exceptions overruled, report of referee confirmed, and costs awarded as above stated.

Ordered accordingly.