(152 App. Div. 633.)

### In re TOLL BRIDGE IN ST. LAWRENCE COUNTY.

### STATE v. BLACK LAKE BRIDGE CO.

(Supreme Court, Appellate Division, Third Department. September 11, 1912.)

1. EMINENT DOMAIN (§ 169*)—TOLL BRIDGE—ACQUISITION BY COUNTY—PROCEEDING—CONFIRMATION OF REPORT.

Highway Law (Consol. Laws 1909, c. 25) § 265, as to the acquisition of toll bridges, provides that the Attorney General shall apply to the court for a commission to appraise the value of the bridge and franchises in accordance with the provisions of the Code for the condemnation of property for public purposes; that the Attorney General shall certify the commission's determination of value to the Comptroller and to the board or boards of supervisors of the county or counties wherein the bridge is situated, who, after receipt thereof, shall adopt a resolution approving the purchase of the bridge and providing for the payment of the county's share. Held, that while the proceeding was authorized by Laws 1909, c. 146, such act did not dispense with any of the provisions of the condemnation law for acquiring title, and it being indispensable to the acquiring of title under that law that an order be obtained confirming the report of the commissioners, and that a final order be entered in the proceeding as provided by Code Civ. Proc. § 3371, the obtaining of such order prior to the taking of the vote by the board of supervisors was not premature.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 461; Dec. Dig. § 169.*]

2. COSTS (§ 3*)—LEGAL PROCEEDINGS—ALLOWANCE OF COSTS.

In the absence of a statute allowing for costs and expenses in legal proceedings, none can be recovered.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1, 4, 5; Dec. Dig. § 3.*]

3. EMINENT DOMAIN (§ 265*)—SPECIAL PROCEEDINGS—EXTRA ALLOWANCE.

The power to award costs in special proceedings, unless otherwise specially provided, was fixed and limited by Code Civ. Proc. § 3240, and a court in proceedings to acquire title to a toll bridge had no power under such section to grant an extra allowance of costs against the state.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

4. EMINENT DOMAIN (§ 265*)—EXTRA ALLOWANCE—CONDEMNATION PROCEEDINGS—SUITS—APPLICATION.

Code Civ. Proc. § 3372, provides that when in condemnation proceedings the compensation awarded shall not exceed the price offered for the property, or; if no offer is made, the court in the final order shall award costs to the defendant. Held that, where no offer to purchase could be made because the property sought to be condemned consisted of the bridge and franchises of a toll bridge company which could not be sold without statutory authority, such section did not apply, and did not therefore authorize an extra allowance of costs.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

5. EMINENT DOMAIN (§ 265*)—TOLL BRIDGES—CONDEMNATION—COSTS.

In proceedings to condemn the property and franchises of a toll bridge company, the court was authorized by Code Civ. Proc. § 3240, to award costs to the defendant at the rate allowed for similar services, in an action brought in the Supreme Court.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, St. Lawrence County.

In the matter of the application of the State of New York to acquire a toll bridge in St. Lawrence county owned by the Black Lake Bridge Company. From an order confirming the report of commissioners in awarding. to the bridge company taxable costs and an additional allowance of $300, the State appeals. Modified.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Thomas Carmody, Atty. Gen., for the State.

George E. Van Kennen, of Ogdensburg, for respondent.

LYON, J. This proceeding for the abolition of a toll bridge in the county of St. Lawrence was instituted in August, 1909, by petition, addressed to this court, having been preceded by the passage in June, 1909, by the board of supervisors of a resolution for the abolition of the bridge, and in July, 1909, by the certification of approval by the State Commission of Highways, as required by sections 263 and 264 of the Highway Law (Consol. Laws 1909, c. 25). This toll bridge is owned by the Black Lake Bridge Company, and crosses the division line between the towns of Morristown and Macomb, and connects highways sought to be improved by state aid. Pursuant to the petition above mentioned, no answer having been interposed, the court adjudged that the condemnation of said bridge and franchise was necessary for public use, and that the state was entitled to take the bridge and franchise upon making proper compensation therefor, and appointed three commissioners to ascertain, appraise, and fix the compensation to be made therefor. In November, 1909, the commissioners filed their report, in which they appraised the present value of the bridge, with franchise, right of way, and other properties and rights appertaining thereto, for which compensation should be made, at $26,378.75, and certified their fees and expenses to be $207.49. Early in December, 1909, the Attorney General certified to the Board of Supervisors of St. Lawrence County, and also to the State Comptroller, the determination of said commission, and also certified that the expenses of the state upon the condemnation were $166.35. The regularity of the proceedings to this point is not challenged. No further step was taken until in the month of April, 1910, when the Bridge Company applied at a Special Term of this court for an order confirming the report of the commissioners, and for a final order as provided by law, together with an allowance of costs to the Bridge Company and for such further relief as to the court might seem just and proper. Upon such application, the court granted an order confirming the report of the commissioners, and ordering and adjudging that compensation be made to said Bridge Company for the said appraised value of said bridge property and franchise, together with said fees and expenses, and that, upon such. payment thereof being made, the state should be entitled to enter into possession of the property condemned. The order also

granted costs of the proceeding and an additional allowance to the Bridge Company. It is from such order that this appeal has been taken by the Attorney General. Two grounds of reversal are urged by the appellant: First, that the granting of the order was premature, in that the statute contemplated the adoption by the board of supervisors, upon the receipt by such board, from the Attorney General of the said certification of determination of said commissioners, of a resolution approving the purchase of the toll bridge, which has never been passed, and that the passage of such resolution must precede an application for an order confirming the report of the commissioners; second, that the court was without authority to grant taxable costs or an additional allowance.

[1] As to the first ground of objection, section 265 of the Highway Law provides that:

"The Attorney General shall apply to the court, in the name of the people of the state, for the appointment of a commission to appraise the value of said toll bridge and the franchise thereof and proceed to acquire title to said toll bridge and its franchise rights in accordance with the provisions of the Code of Civil Procedure for the condemnation of property for public purposes. When said commission shall have determined the value of such toll bridge, the Attorney General shall certify such determination to the comptroller and to the board or boards of supervisors of the county or counties wherein such toll bridge is situated. After the receipt thereof, upon a majority vote of the board or boards of supervisors, they shall adopt a resolution approving the purchase of said toll bridge under the provisions of this article and providing for the payment of the county's share thereof."

Thus the statute required the Attorney General "to proceed to acquire title," and title was required to be acquired under the provisions of the Condemnation Law. Highway Law, § 265. Code of Civil Procedure, § 3359. While the proceeding was authorized by chapter 146, Laws of 1909, that law in no way modified or dispensed with any of the provisions of the Condemnation Law for acquiring title, and it was indispensable to the acquiring of title under the Condemnation Law that an order be obtained confirming the report of the commissioners, and that a final order be entered in the proceeding. Section 3371, Code of Civil Procedure; Schneider v. City of Rochester, 90 Hun, 171, 35 N. Y. Supp. 786.

Section 265 also required the Board of Supervisors by resolution to "approve the purchase," but the purchase could not be approved until the title had been acquired. The necessity therefore existed for obtaining the order of confirmation of the report of the commissioners prior to the taking of the vote by the board of supervisors and the granting of the order appealed from was not premature. Furthermore, the construction of section 265 contended for by appellant would also seem to be unreasonable in requiring the board of supervisors to provide for the payment of the county's share of the expense before it was known whether the award would be confirmed, or modified or set aside, and whether, if confirmed, costs would be added and to what amount.

As to the authority of the court to grant taxable costs and an additional allowance, the court by the order of confirmation awarded the Bridge Company "the costs of the proceeding to be taxed

by the clerk at the same rate as is allowed of course to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial, together with the sum of $300 additional allowance of costs." It is the contention of the appellant that, inasmuch as chapter 146 of the Laws of 1909 made no provision for an allowance of costs, the court had no authority to grant any costs whatever.

[2] Beyond question, in the absence of a statute providing for costs or allowances for expenses in legal proceedings, none can be recovered. Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413.

[3] The power to award costs in special proceedings, unless otherwise specially provided, was fixed and limited by section 3240 of the Code of Civil Procedure, and under that section the court had no power to grant an extra allowance. In re Application of Holden, 126 N. Y. 589, 27 N. E. 1063.

[4] The right of the court to grant an extra allowance must be found, if at all, in the provision of section 3372 of the Code of Civil Procedure, to the effect that where the compensation awarded shall not exceed the price offered for the property, or, if no offer was made, the court shall in the final order award costs to the defendant.. Concededly no offer was made in this proceeding, and the property sought to be acquired, and for which compensation was to be made by the state, the county, and the towns, included the franchise of the Bridge Company, which could not be sold without statutory authority, which did not exist; hence no offer to purchase could have been made. Carpenter v. Black Hawk Mining Co., 65 N. Y. 43; 10 Cyc. 1090; Matter of Rochester Water Commissioners, 66 N. Y. 413. Where the owners are under legal disability to convey, the provision of section 3372 awarding costs to the defendant where no offer was made do not apply, and hence the court had no authority under that section to direct that the defendant recover costs of the plaintiff. In re Manhattan Railway Co. v. McKee, 1 App. Div. 488, 37 N. Y. Supp. 269.

[5] However, the court had authority to award costs to the defendant under section 3240 of the Code of Civil Procedure at the rates allowed for similar services in an action brought in this court. Such was the holding in Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413, where the condemnation proceedings were under a special statute containing no provision for costs or allowances. The taxable costs awarded by the court being within the provisions of section 3240 were proper.

The order appealed from should be modified by striking therefrom the provision for an extra allowance of costs, and, as so modified, should be affirmed. All concur.