MORRIS HESSEL et al., Respondents, *v.* JOSEPH WEISBERG et al., Appellants.

(Supreme Court, Appellate Term, First Department, October Term — Filed November, 1920.)

Municipal Court, city of New York — costs — when trial fee cannot be taxed — Municipal Court Code, § 164.

The Municipal Court Code contains no provision for the taxation of a "trial fee" as such, and the costs to a prevailing party in a Municipal Court action are governed by section 164 of said Code.

Where a judgment in favor of plaintiff in an action brought in the Municipal Court of the city of New York has been reversed, the plaintiff, who was successful on the new trial, is not entitled to tax the costs of the first trial.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered in favor of the plaintiff, the notice of appeal bringing up for review an order denying defendant's motion for retaxation of costs.

Barnett E. Kopelman, for appellants.

A. Frank Cowen (Bernard Cowen, of counsel), for respondents.

*Per Curiam.* We have affirmed the judgment in this case without opinion, but the notice of appeal from the judgment brings up for review an order of the Municipal Court, denying appellants' motion to strike from respondents' bill of costs the sum of twenty dollars taxed by the clerk as costs awarded upon a previous judgment entered in favor of the plaintiff in this action.

Upon the first trial in this action the plaintiff recovered a judgment for the sum of $214.20, and upon this amount costs were taxed at $20. Upon appeal of the defendant herein this judgment was reversed, and a new trial ordered with costs to appellant to abide the event.

Upon the new trial, the present one, the plaintiff recovered the sum of one hundred and fifty-three dollars and eighteen cents and the clerk upon entry of judgment taxed the sum of twenty dollars costs upon the first trial and fifteen dollars costs upon the second trial. The taxation of this item of twenty dollars awarded on the first trial and entered in the present

Appellate Term, First Department, November, 1920.  [Vol. 113.

judgment cannot be sustained.  The right to tax costs is purely statutory.  *State* v. *Black Lake Bridge Co.,* 152 App. Div. 633; 137 N. Y. Supp. 485.

There is no provision in the Municipal Code for the taxation of a " trial fee " as such.  Costs in that court to a prevailing party are governed by the provisions of section 164 of the Municipal Court Code and are based wholly on the amount of the recovery and it is the amount of the final judgment entered that determines the right to costs.

The taxation upon the first trial of the sum of $20 based upon a recovery of $214.26, was proper, but when that judgment was reversed and a new trial ordered by this court, the entire judgment was wiped out and the costs based upon the recovery in that trial with the reversal.  Upon the new trial the plaintiff recovered but $153.18 and consequently was entitled to tax but $15.  The costs of this court were given upon the reversal of the former judgment to the " appellant " to abide the event, and the plaintiff herein not having been the appellant in that appeal cannot claim costs of reversal.

Order reversed and motion to strike from the bill of costs the item of twenty dollars granted and judgment modified accordingly and, as so modified, affirmed, without costs of appeal to either party.

Present:  BIJUR, DELEHANTY and WAGNER, JJ.

Order reversed, without costs.