JANE REILLY, Plaintiff, *v.* EMPIRE STATE IMPROVEMENT CORPORATION et al., Defendants.

MORRIS WEISS et al., Appellants; THOMAS F. MCGUIRE et al., Respondents.

(Argued May 28, 1929; decided July 11, 1929.)

*Harold Nathan, Chester Rohrlich* and *Morris Weiss* for appellants. The referee erred in disallowing the Berson mortgage. (*Gamble* v. *Queens County Water Co.,* 123 N. Y. 91; *Salvin* v. *Myles Realty Co.,* 227 N. Y. 51; *The Vigilancia,* 68 Fed. Rep. 781; 73 Fed. Rep. 452; *Matter of De Laney Co.,* 26 Fed. Rep. [2d] 961; *Wright* v. *Wright,* 226 N. Y. 578; *Hicks* v. *British Am. Assur. Co.,* 162 N. Y. 284; *Wells* v. *Fisher,* 237 N. Y. 79; *Porter* v. *Municipal Gas Co.,* 220 N. Y. 152; *Greene* v. *Barrett, Nephews & Co.,* 238 N. Y. 207.) The referee erred in disallowing the assigned judgments and in refusing to allow the full amount of those judgments in favor of the

assignees thereof. (*Harmon* v. *Hope,* 87 N. Y. 10; *Ingle-hart* v. *Thousand Island Hotel Co.,* 32 Hun, 377; 109 N. Y. 454.) The court erred in awarding allowances of $500 each to attorneys for respondents. (*Fowler* v. *Fowler,* 147 N. Y. 673; *McDermott* v. *Hennesy,* 9 Hun, 59; *German Savings Bank* v. *Sharer,* 25 Hun, 409; *Wellington* v. *Ulster County Ice Co.,* 5 Wkly. Dig. 104; *Dudgeon* v. *Smith,* 23 Wkly. Dig. 400; *American Mortgage Co.* v. *Butler,* 36 Misc. Rep. 253; *Syracuse Savings Bank* v. *Stokes,* 71 Misc. Rep. 508.) The allowance of $1,000 as the referee's fee was erroneous. (*Finkel* v. *Kohn,* 24 Misc. Rep. 367; *New York Mutual Savings & Loan Assn.* v. *Westchester Fire Ins. Co.,* 98 App. Div. 285; *Matter of Hurd,* 6 Misc. Rep. 171; *Chase* v. *James,* 16 Hun, 14; *First National Bank* v. *Tamajo,* 77 N. Y. 476; *Griggs* v. *Day,* 135 N. Y. 469.)

*Patrick B. Healy* for Claude Geer et al., respondents.

*John · M. O' Neill* for Edward H. Gibbons et al., respondents.

*Charles N. Horstmann* for Emma Lehrach, respondents.

*Per Curiam.* This is a surplus-money proceeding in which there is a balance of $11,464.87 to be disposed of among various claimants, resulting from the foreclosure of a second mortgage.

The referee to whom the matter was referred for hearing and determination disallowed the claim of Aaron W. Berson as a third mortgagee, and also his claim as assignee or purchaser of certain judgments recovered against the owner of the property, the Empire State Improvement Corporation; refused to recognize a judgment recovered by Morris Weiss for services; and also a claim of Esther Wolfensohn as assignee or purchaser of certain judgments.

The disallowance by the referee of these recorded

claims was because various parties had entered into a conspiracy to seize the assets of the corporation.

His finding is as follows (Record, p. 448, fol. 1344): " 20. That the whole scheme of conduct on the part of said Empire State Improvement Corporation and said officers, the said Morris Weiss, Aaron W. Berson and Esther Wolfensohn, show a conspiracy to corral all the valuable assets of the said Empire State Improvement Corporation for the purpose of dividing them with the said officers, including the property now held by the Rosedale Gardens Corporation under the sale."

We are unable to find in this record any evidence to sustain this finding. No doubt the officers of the corporation have been guilty of improper conduct but the evidence does not warrant the conclusion that Berson, Wolfensohn or Weiss were parties to the fraud.

The allowance of the referee's fees of $1,200 in the absence of special agreement, was improper. He was entitled as matter of law to $10 for each day spent in the business of reference. The amendment to the Civil Practice Act (§ 1545) did not take effect until September 1, 1928.

Neither do we find any authority for the allowance in a proceeding of this kind of $500 to each of the opposing counsel. (See rule 262 of Rules of Civil Practice; *McDermott* v. *Hennesy*, 9 Hun, 59; *German Sav. Bank* v. *Sharer*, 25 Hun, 409; *American Mortgage Co.* v. *Butler*, 36 Misc. Rep. 253; *Syracuse Sav. Bank* v. *Stokes*, 71 Misc. Rep. 508.)

The order of the Appellate Division and that of the Special Term should be reversed, with costs in the Appellate Division and in this court, and the proceeding remitted to the Special Term for the entry of an order in accordance with this opinion.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Ordered accordingly.