Bayview Loan Servicing, LLC v Sylvester (2020 NY Slip Op 04234)





Bayview Loan Servicing, LLC v Sylvester


2020 NY Slip Op 04234


Decided on July 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 23, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11690 810056/11

[*1] Bayview Loan Servicing, LLC, Plaintiff-Appellant,
v
Alleyne Sylvester, et al., Defendants-Respondents, New York City Environmental Control Board, et al., Defendants.


Marc Wohlgemuth & Associates, P.C., Monsey (Jeremy M. Doberman of counsel), for appellant.
Ronald D. Weiss, P.C., Melville (Rosemarie Klie of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 8, 2017, which, to the extent appealed from as limited by the briefs, denied that branch of plaintiff's motion seeking an award of legal fees from surplus funds of a foreclosure sale, or in the alternative, for a hearing to determine the amount of legal fees to which it would be entitled to be paid from the foreclosure sale surplus monies, unanimously affirmed, without costs.
The note and mortgage upon which this foreclosure action is based contain provisions entitling plaintiff to recover attorney's fees reasonably incurred in enforcing its rights under the mortgage documents. The judgment of foreclosure and sale that plaintiff ultimately obtained directed the appointment of a referee to disburse proceeds of a sale of the subject property, including payment to plaintiff of reasonable legal fees to be determined at an assessment proceeding, and also directed the referee, after paying plaintiff all amounts due it under the mortgage documents, to deposit any surplus funds with the court within five days of receipt of the foreclosure sale funds. However, plaintiff failed to seek an assessment of its claim to reasonable attorney's fees until after the referee had filed his report of the sale with the court and had deposited the surplus monies from the sale with the court. Under these circumstances, the motion court properly denied plaintiff's confirmation motion to the extent that motion sought an award from the surplus sale proceeds deposited with the court of the attorney's fees that plaintiff had previously incurred in the foreclosure action and related proceedings (see generally RPAPL 1361[2]; cf. Reilly v Empire State Improvement Corp., 251 NY 351 [1929]; Mortgage Elec. Registration Sys., Inc. v Elliot, 69 AD3d 911 [2d Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 23, 2020
CLERK